Argued February 10; reversed March 21, 1933 ·

MARCH *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

(20 P. (2d) 227)

*Miles H. McKey,* Assistant Attorney General (I.
H. Van Winkle, Attorney General, on the brief), for
appellant.

*Borden Wood* and *Theodore Opsund,* both of Port-
land (C. L. Starr and Ralph H. King, both of Portland,
on the brief), for respondent.

CAMPBELL, J. For some time immediately prior to August 15, 1930, plaintiff was employed by the State Highway Department as a member of a crew which was engaged in building, maintaining and rebuilding barrier fences along the state highways in what is known as District No. 2, comprising Marion, Clackamas and Multnomah counties. Employer and employee were contributors to and operated under the Workman's Compensation Act.

Plaintiff, the foreman of the crew and one other member of the crew were residents of Tillamook county. On the above date, they were working on the upper Columbia river highway, about 26 miles east of Portland. When they had finished their week's work, they got into plaintiff's car, as was their week-end custom, and started for their homes in Tillamook county. They were traveling on their usual and most direct route towards their homes. The foreman, Mr. Munson, was intending to deliver his weekly report to the resident engineer at McMinnville, Oregon. While traveling on the Base Line road and about 12 miles east of Portland, they had an accident from which plaintiff sustained severe injuries. He filed a claim with the State Industrial Accident Commission for compensation for the injuries thus received. The claim was rejected by the Commission and he appealed to the circuit court for Multnomah county where the court made findings and entered judgment in his favor. From this judgment, the State Industrial Accident Commission appeals.

The question presented by the record is, did the injuries sustained "arise out of and in the course of" plaintiff's employment?

This was the same accident referred to in *Nonah I. Munson v. State Industrial Accident Commission,* post p. 252 (20 P. (2d) 229), in which the opinion is handed down on this date.

The record discloses that plaintiff had no duties relating to the direction of the crew of which he was a member. The crew had completed its week's work on Friday evening, August 15, and then left for their homes in Tillamook county in plaintiff's car. No arrangement had been made by the State Highway Department for the use of this car. Plaintiff had no instructions to perform any service for the State Highway Department after quitting his work on Friday evening at Springdale, until he should return the next Monday. He had no instructions to report at McMinnville or to go anywhere else. The place of residence of the crew in no way concerned the State Highway Department.

Mr. Munson, the foreman, was carrying a weekly report at the time of the accident which he planned to deliver at McMinnville and because thereof, the plaintiff herein claims that he is entitled to compensation.

"If any workman while he is subject to this act and in the service of an employer who is thus bound to contribute to the industrial accident fund shall sustain a personal injury by accident arising out of and in the course of his employment caused by violent or external means, he * * * shall receive compensation * * *". Oregon Code 1930, § 49-1827.

■ It is therefore necessary, before the State Industrial Accident Commission may award compensation, that all the conditions of the statute be present; that is, the injury must arise out of and in the course of his employment, accidentally and by violent or external means. In fact, the law needs no interpretation.

*Blair v. State Industrial Accident Commission,* 133 Or. 450 (288 P. 204); *Larsen v. State Industrial Accident Commission,* 135 Or. 137 (295 P. 195); *Collins v. Troy Laundry,* 135 Or. 580 (297 P. 334).

In *Larsen v. State Industrial Accident Commission,* supra, this court quoted with approval from *In re McNicol et al.,* 215 Mass. 297 (102 N. E. 697, L. R. A. 1916A, 306):

"* * * It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot be traced to the employment as a contributing proximate case and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent upon the relation of master and servant".

■ The plaintiff herein, at the time of the accident, was performing no service for the employer. No reasonable inference can be drawn from the testimony that the plaintiff would not have undertaken the trip to his home even if the foreman did not go with him.

If the foreman should have ridden in the stage, no one would have contended that the stage was perform-

ing a service for the highway department by reason of transporting a foreman who happened to be carrying a report for the highway department.

If the foreman's wife, while preparing breakfast for him, preparatory to his journey to his employment, should burn her hands or otherwise injure herself, it would not be contended that she was performing a service for the highway department.

■ The testimony does not disclose that the foreman ever requested the plaintiff to transport him to or from his home or from his work to the office of the resident engineer. So far as the testimony discloses, the plaintiff was using his own automobile for his own private purposes. What arrangement he may have had with the other members of the crew is not disclosed. Mr. Tate, who was the third member of the crew who rode to and from his home on week-ends with plaintiff and a witness for plaintiff and who probably knows what the arrangements for the transportation were, was not asked about that matter while on the stand. The burden is upon the plaintiff to show that the injury arose out of and in the course of his employment.

■ Again we say that the determination in each particular case as to whether the injury arose out of and in the course of employment must depend on its own peculiar and particular facts and circumstances. 1 Schneider, Workmen's Compensation Law, (2d Ed.) 741, § 262.

Plaintiff places great reliance on the decision in *Guerise v. Decker & Canning Co.*, 109 N. J. Law 8 (159 Atl. 815), a case decided by the New Jersey Supreme Court, April 13, 1932.

This is a case where the employers were in the habit of transporting their workmen from job to job in certain trucks and also permitting their workmen

to ride on these trucks during working hours. On the evening that the workman was injured, the foreman said to the workmen, "Fellows, the last truck has come, let them dump it and go home. The whole gang take the truck." This was one of the trucks which, on other occasions, had been used by the employers to transport their workmen and the court held that notwithstanding the fact that the employer had told the foreman not to let the workmen ride on these trucks after working hours, the accident arose out of and in the course of the employment. While the record of the reported case does not disclose the fact, it appears that the employers were in the habit of furnishing transportation to their workmen to and from their work so that the case is not in point nor are the facts similiar to the instant case.

We have carefully considered all the other cases cited by counsel for respondent and they are distinguishable from the instant case, but it would serve no useful purpose and make this opinion too lengthy to pursue that course. They will be found collated in 1 Schneider, Workmen's Compensation Law (2d Ed.), chapter 6, beginning at p. 734, and in 1 Honnold on Workmen's Compensation, § 105, et seq., and in Words and Phrases, Third and Fourth Series, under the headings "Course of Employment" and "Arising out of Employment".

We are of the opinion that there is no competent evidence to show that at the time plaintiff received the injury, he was performing services for the State Highway Department, or that his injury arose out of and in the course of his employment.

The judgment of the lower court should be reversed.

It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.