SAMUEL J. TANKOOS and H. CLAYTON SMITH, Copartners Doing Business under the Firm Name and Style of TANKOOS, SMITH & Co., Respondents, v. CONFORD REALTY Co., INC., Appellant.— In the complaint the plaintiffs seek to recover from the defendant for commissions or damages as real estate brokers, and for other services rendered. Three causes of action are stated in a complaint, consisting of twenty-nine paragraphs and covering thirty-three printed pages in the record. The defendant, before answer, moved to strike out certain paragraphs on the ground that the matter contained therein is irrelevant, redundant, repetitious and unnecessary, and for other relief. Section 241 of the Civil Practice Act states the rule in respect to a pleading. When the rule is violated the defendant will not be required to make answer to a pleading that is unnecessarily prolix, redundant and repetitious, and where, instead of stating plainly and concisely the material facts, the pleading contains evidentiary matter and is cumbered by a mass of immaterialities. Nor will the court make selection from the mass of verbiage and superfluous matter to isolate a modicum of facts that are material. A simpler and more summary method exists. In such a case the court will strike out the entire pleading and require the plaintiff to serve an amended pleading following proper methods. Pleadings such as are here presented have been condemned in every Department. (*Gutta-Percha & Rubber Mfg. Co.* v. *Holman*, 150 App. Div. 678; *Virdone* v. *Globe Bank & Trust Co.*, 235 id. 125; *Cohen* v. *Pyramid Bond & Mortgage Corp.*, Id. 811; *Weinsier* v. *Loscamp*, 242 id. 789; *Merchants National Bank* v. *Prescott & Son, Inc.*, 223 id. 194; *Burnham* v. *Hornaday*, Id. 218; *International Railway Co.* v. *Jaggard*, 204 id. 67, and *Isaacs* v. *Washougal Clothing Co., Inc., Nos. 1, 2*, 233 id. 568.) We will assume that the complaint states causes of action, but it must be redrafted by the attorney and not by the court. Order denying defendant's motion in so far as it relates to striking out the redundancies and immaterial matter in the complaint reversed on the law, with twenty-five dollars costs and disbursements, and the motion granted, with ten dollars costs, to the extent that the entire complaint will be struck out, with leave to plaintiffs to serve an amended complaint within ten days from the entry of the order hereon. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

SALVATORE VALVO, Appellant, v. STAR BOX & LUMBER Co., INC., Respondent. — Action by plaintiff to recover damages for an injury to his leg, resulting in its amputation above the knee. Appeal by plaintiff from an order denying his motion to set aside, as inadequate and as contrary to the law and the facts, a verdict for $3,000 rendered in his favor. Order reversed on the facts and a new trial granted, costs to appellant to abide the event, unless within five days from the entry of the order hereon defendant stipulate that the verdict be increased to $7,500 and that judgment be entered thereon, with costs. If defendant so stipulate, the order, as modified, is unanimously affirmed, without costs. In view of the extent of plaintiff's injuries we are of opinion that the amount awarded by the jury was clearly inadequate. Lazansky, P. J., Young, Carswell, Davis and Taylor, JJ., concur.

MARY V. ARENA, Appellant, v. WALTER E. ORANGE and Others, Defendants; WESTCHESTER TRUST COMPANY, in Liquidation, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.