## BERRY v. SPOKANE, PORTLAND & SEATTLE RY. CO.

### No. 1048.

District Court, D. Oregon.

Aug. 28, 1942.

William P. Lord and Ben Anderson, both of Portland, Or., for plaintiff.

Manley B. Strayer and Hart, Spencer, McCulloch & Rockwood, all of Portland, Or., for defendant.

YANKWICH, District Judge.

The defendant's motion for summary judgment heretofore submitted is allowed.

A study of the pre-trial order, of the deposition of the plaintiff, and the exhibits introduced at the pre-trial leads to the conclusion that the relationship of employer and employee did not exist between plaintiff and the defendant. The injuries complained of by the plaintiff were sustained by him while he was in the employ of another whose relation to the defendant was that of an independent contractor. (See defendant's pre-trial exhibit 6 and paragraphs 3–7 of pre-trial order). In this respect, it is significant to note that the pre-trial order admits that the written contract was the only basis for the dealings between the plaintiff's employer and the defendant (see paragraph 4). Under the circumstances, any possible contradiction of its terms would not be permissible and would not create an issue of fact as to the nature of the relationship which existed under it.

The only matter thus presented is the legal effect of the contract, in the light of the admissions in the pre-trial order and the deposition. This is a question of law.

As we take the view that the relationship thus shown is that of independent contractorship, there is no "genuine issue as to any material fact". Federal Rules

of Civil Procedure, rule 56(c), 28 U.S.C.A. following section 723c; and see Port of Palm Beach Dist. v. Goethals, 5th Cir., 1939, 104 F.2d 706; Heart of America Lumber Co. v. Belove, 8th Cir., 1940, 111 F.2d 535, 130 A.L.R. 658; C.T.C. Investment Co. v. London & Lancashire Indemnity Co., 7th Cir., 1941, 116 F.2d 741, 745.

Suitable form of judgment entry to be prepared and submitted by defendant.