Louis L. Friedman, J.
Defendants, Mazza, move under rule 106 of the Rules of Civil Practice to dismiss the complaint herein, for failure to state facts sufficient to constitute a cause of action. They also move under rule 102 to make the complaint *612 more definite and certain and under rule 103 to strike out various paragraphs of the complaint on the ground that they are irrelevant, redundant, repetitious and conclusory. The complaint attempts to set forth, in two causes of action, several causes for breach of contract, conspiracy, conversion and fraud. It fails to comply with section 241 of the Civil Practice Act which requires a pleading to “ contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved.” Instead, it alleges in narrative form, facts, evidentiary matters and conclusions, all supposedly purporting to show that plaintiff and one of the defendants entered into an agreement to discontinue an.action then pending in the Supreme Court, the consideration therefore being that plaintiff was to be made a partner in the business of a corporation, not a party to this action, and to be employed by such corporation. It is further claimed that plaintiff was not made a partner, was dismissed from his employment with the corporation and that defendants or some of them conspired to sell the business of the corporation or the assets thereof with intent to defraud plaintiff of his interest therein. Plaintiff may have a good cause of action, but the allegations as they are set forth within the two causes contained in the complaint, are so indefinite, uncertain and interwoven that it is impossible for the defendants to properly plead thereto. Complaints drawn in the form of the instant one, have been condemned by the courts many times (see Tankoos v. Conford Realty Co., 248 App. Div. 614 and cases cited therein) where the court said: “We will assume that the complaint states causes of action, but it must be redrafted by the attorney and not by the court.” Defendant’s motion under rule 102 to make the complaint more definite and certain is granted. Plaintiff may serve an amended complaint within 20 days after the service of the order to be entered herein, with notice of entry thereof. If plaintiff intends to plead more than one cause of action in such amended complaint, he must comply with rule 90 of the Rules of Civil Practice, properly stating and numbering each cause of action. This disposition makes it unnecessary to decide the application of plaintiff under, rule 103.
Settle order on notice.