Frank V. SEARLE, Plaintiff,

v.

GREAT NORTHERN RAILWAY COMPANY, a corporation, Defendant.

Civ. No. 2080.

United States District Court
D. Montana,
Great Falls Division.

Nov. 25, 1960.

424

John M. McCarvel, Great Falls, Mont., for plaintiff.

Weir, Gough & Booth, and Ward A. Shanahan, Helena, Mont., for defendant.

JAMESON, District Judge.

Plaintiff brought this action to recover for injuries sustained on November 3, 1956, when a truck in which he was a passenger rolled over, throwing him from the cab. The truck was owned by the defendant and was being driven by Robert S. Meade, an employee of the defendant. It is alleged in the complaint that Meade had been employed to haul lumber from a sawmill near Forest Green, Meagher County, Montana, to Great Falls, Montana, that Meade was acting within the course and scope of his employment, and that the accident was caused by his negligent operation of the truck. In its answer, defendant admits its corporate capacity and denies the remaining allegations of the complaint.

On August 31, 1960, defendant filed a motion for summary judgment pursuant to Rule 56(b) and (c) of the Federal Rules of Civil Procedure,[1] based upon the pleadings, deposition of the plaintiff, and affidavit of S. J. Warner, supervisor of truck operations of the defendant at Great Falls, Montana. A pretrial con-

---

1. Subdivisions (b) and (c) of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. provide:

"(b) A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that (except as to the amount of damages), there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

ference was held on September 14, 1960, and the motion for summary judgment was noticed for the same date. Briefs were filed by counsel for the respective parties. It was agreed at the pretrial conference that the hearing on the motion would be continued to October 17, 1960, that both parties could file supplemental briefs and additional affidavits, and present oral testimony at the hearing on the issue of whether Meade was acting as an agent of the defendant in the course of his employment. Prior to the hearing the deposition of A. W. McCormick, general freight agent of the defendant at Great Falls, Montana, and affidavit of Robert S. Meade were filed. No additional testimony was presented at the hearing, but counsel presented oral argument on the motion.

Defendant contends that the depositions and affidavits show conclusively that Meade was not acting within the scope of his employment at the time of the alleged accident and that the defendant accordingly is entitled to judgment as a matter of law.

█ A summary judgment is proper only where there is no genuine issue as to any material fact. Rule 56(c). "An indispensable prerequisite to such a judgment is the absence of a material question of fact." Hycon Manufacturing Company v. H. Koch & Sons, 9 Cir., 1955, 219 F.2d 353, 355, certiorari denied 349 U.S. 953, 75 S.Ct. 881, 99 L.Ed. 1278. The principles to be applied in passing upon motions for summary judgment were well summarized in Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 1951, 189 F.2d 213, 216, and reiterated in Kennedy v. Bennett, 8 Cir., 1958, 261 F.2d 20, 22, as follows:

> " 'A summary judgment is to be entered in a case if, but only if, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A summary

judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. * * * A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear. (citing cases) And all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167.' "

The depositions and affidavits before the court clearly show that Robert S. Meade was employed by defendant as a truck driver during the months of September, October, and November, 1956, and was assigned as a driver of a tractor and semi-trailer on the defendant's franchised runs between Great Falls and Butte, Montana, and between Great Falls and Billings, Montana, but that during this period Meade was not assigned to operate any equipment for defendant in Meagher County, Montana, and that, in fact, the defendant had no authority to operate, and did not operate, trucks in that county in 1956. On November 3, 1956, while he was off-duty, Meade borrowed a one and one-half ton truck owned by defendant and assigned to its freight warehouse at Great Falls for solely intracompany use. Meade had agreed to haul lumber for a friend and neighbor, Clinton W. Brown, from a sawmill on U. S. Highway 89 south of Neihart, in Meagher County, Montana, to Great Falls, where the plaintiff, a carpenter, was building a house for Brown. On November 3, plaintiff went with Meade and Brown

to the sawmill for the purpose of selecting the lumber for Brown. They had made four similar trips prior thereto, each time on a Saturday. Plaintiff testified in his deposition that prior to the first trip Brown told him, "There is a Great Northern truck and driver coming to haul the lumber". He testified further that on each trip they left early as Meade had said he had to get back early to make another run. On each occasion they went directly from Brown's place in Great Falls to the sawmill and returned directly to Brown's place. There is no evidence that any representations were made to the plaintiff by the defendant or by anyone on its behalf.

There can be no question that Meade was acting for his own interests and not within the scope or course of his employment by the defendant. Plaintiff's counsel admitted frankly at the hearing that there is nothing in the record and no proof available to show that Meade was acting within the scope of his employment. Plaintiff relies, however, on a theory of ostensible authority. It is argued that notwithstanding the fact that Meade was not acting within the scope of his authority or on defendant's business, the defendant is still liable because (1) defendant permitted Meade to use its truck, as it had on the four prior occasions; (2) the truck bore the insignia of the Great Northern Railway Company on its doors;[2] and (3) Brown had told plaintiff that a Great Northern truck and driver would haul the lumber.

It should be noted at the outset that there is no genuine issue as to any material fact. The sole question is the legal inquiry of whether, under the facts as established, or as assumed to exist in a light most favorable to plaintiff, it is shown that plaintiff "would not be entitled to recover under any discernible circumstances".

It is well settled in Montana that "even though the driver of a car is the servant of the owner of the car, the owner is not liable unless at the time of the accident the driver was acting within the scope of his authority and in regard to his master's business". Monaghan v. Standard Motor Company, 1934, 96 Mont. 165, 173, 29 P.2d 378, 379. In the Monaghan case the driver of a truck was an employee of the defendant owner and at the time of the accident the truck was loaded with crates on which the name of the owner of the truck appeared. There was evidence that the owner permitted its employees to use the truck after hours to transport wood from defendant's place of business to the employees' homes. While the question of ostensible authority was not involved, the court did hold that proof of the facts that the defendant was the owner of the truck, that the employee was in the general employ of the owner, and that the truck at the time of the accident was loaded with crating bearing the name of the owner, was sufficient to raise a presumption that the employee was acting within the scope of his employment; but that this presump-

2. At the close of the argument on the motion for summary judgment, there was some discussion between the court and counsel for plaintiff with respect to plaintiff's contentions, which concluded as follows:

"The Court * * * (after referring to Restatement of the Law of Agency 2d § 238 and comment (b)) That is, there is no question of course that the Great Northern owned the truck. There is no question Meade was an employee of the Great Northern. Now the sole question was whether he was acting within the scope of his employment, and I take it there is no actual evidence of that, but what you rely on is the ap-

parent or ostensible authority, and just what the representations are, I understand from what you have said here that the representations are (1) the fact that the supervisor had on this occasion and on four or five other occasions permitted the driver to use the truck and (2) that the insignia of the Great Northern was on the truck. Is there anything aside from that?

"Mr. McCarvel: No, except that that is the Restatement view of the case, I do not agree with that. I do not think that a corporation should be permitted to let its employees use their truck. I am not saying it is not the law, but I do not agree."

tion was disputable and might be controverted by other evidence. It was held further that where "the evidence tending to overcome the presumption that the automobile was being driven by the servant in the course of his employment is clear, convincing and uncontradicted, and if only one inference can be drawn by reasonable men therefrom to the effect that the servant was not then engaged in the master's business within the scope of his employment, then this presumption is entirely overcome; it fades away, and a directed verdict is proper."

To the same effect are Wilcox v. Smith et al., 1936, 103 Mont. 182, 62 P.2d 237, and Coombes v. Letcher et al., 1937, 104 Mont. 371, 66 P.2d 769, where the court affirmed judgments of nonsuit as to the owners of the vehicles.

These cases are in accord with Restatement of the Law of Agency 2d § 238, which reads:

"Instrumentalities Not Used in Employment.

"Except where he is at fault or fails to perform a non-delegable duty, a master is not liable for harm caused by the use of instrumentalities entrusted by him to a servant when they are not used in the scope of employment."

Under comment (b) it is stated:

"Where master permits personal use by servant. The mere fact that the master habitually allows the servant to use the instrumentality, or even that the master maintains the instrumentality entirely for the use of the servant, does not of itself subject the master to liability. The master is liable only when the instrumentality is being used by the servant for the purpose of advancing the employer's business or interests, as distinguished from the private affairs of the servant. * * "

The evidence here is "clear, convincing and uncontradicted" that Meade was not engaged in any business for the defendant or acting within the scope of his employment at the time of the alleged accident.

Plaintiff contends, however, that the doctrine of ostensible authority, as defined by the Montana statutes and decisions, is applicable and sufficient to impose liability upon the defendant.

Sec. 2–124, R.C.M.1947, defines ostensible authority:

"Ostensible authority is such as a principal, intentionally or by want or ordinary care, causes or allows a third person to believe the agent to possess."

Sec. 2–205, R.C.M.1947, provides:

"A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without ordinary negligence, incurred a liability or parted with value upon the faith thereof."

Plaintiff relies primarily upon the case of Lindblom v. Employers' Liability Assurance Corp., 1930, 88 Mont. 488, 295 P. 1007, 1011, where the court quoted with approval the following statement: "Where a principal makes it possible, through his acts, for his own agent to inflict injury, the result of such injury should not be passed on to innocent persons who have dealt with the agent in good faith under his apparent authority. The law forbids the principal to deny authority in the agent which his own conduct has invited those with whom he was dealing to assume he possessed. In such a case a principal is bound by his acts and estopped by his own conduct from denying the authority of the agent to act. * * * "

The Lindblom case is distinguishable on the facts and is not in point here. There, the court held that an insurance carrier was estopped to deny the timeliness of a claim under the Workmen's Compensation Act where its agent had misled the claimant to believe that he would not have to submit his claim within the statutory period. There is no evidence here of any "dealing" between the plaintiff and the defendant, or any rep-

resentation by the defendant to the plaintiff.

█ No Montana cases have been cited where the mere permissive use by a servant of his master's vehicle for personal purposes has been held sufficient to bind the master for the employee's negligence under the doctrine of ostensible authority, or where the Montana Supreme Court has construed these statutes as applicable in a negligence case involving a servant. But even conceding that the Montana law does admit to a theory of liability based on ostensible authority, the necessary elements for reliance on this doctrine are not present here.

The applicable rules are well stated in Restatement of the Law of Agency 2d § 267:

> "Reliance upon Care of Skill of Apparent Servant or Other Agent

> "One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.

> "Comment:

> "a. The mere fact that acts are done by one whom the injured party believes to be the defendant's servant is not sufficient to cause the apparent master to be liable. There must be such reliance upon the manifestation as exposes the plaintiff to the negligent conduct. The rule normally applies where the plaintiff has submitted himself to the care or protection of an apparent servant in response to an invitation from the defendant to enter into such relations with such servant. A manifestation of authority constitutes an invitation to deal with such servant and to enter into relations with him which are consistent with the apparent authority."

█ In order to hold an employer liable for injuries proximately caused by the negligence of a servant in using an instrumentality entrusted to the servant, while outside the scope of his employment, there must be a representation by the defendant which justifiably caused the injured party to rely upon the skill of the apparent agent. The mere habitual use by the servant of the instrumentality will not subject the owner to liability. It is the *representation by the defendant* that induces reliance upon the apparent agent, which is the basis of liability. Those cases wherein such a manifestation of "holding out" is normally established involve taxicab companies which hire independent contractors to haul passengers in their own cars, but allow the contractor to display the cab company's insignia and name upon his car.[3] In such cases the taxicab company is estopped to deny liability to an injured pasenger who has been induced by the company's representations, through advertisements or otherwise, to ride in a cab that bears its name. This situation is not involved here. Certainly there were no representations of any kind by the defendant to induce plaintiff to ride in the cab of the truck.

In Gosney v. Metropolitan Life Ins. Co., 8 Cir., 1940, 114 F.2d 649, 652, the court held that, in order to rely upon a theory of ostensible authority, there must be some words or conduct of the principal, some "holding out", upon which the plaintiff has relied. The court said:

> "There is no suggestion that plaintiffs relied upon any authority of Monahan (principal) to direct Kelly's (agent) actions when they accepted Kelly's invitation to ride with him in his automobile. Neither is there any intimation that any knowledge on plaintiffs' part of Monahan's authority or lack of authority would have affected their ac-

---

3. See Middleton v. Frances, 1934, 257 Ky. 42, 44, 77 S.W.2d 425, 426; Rodriquez v. Zavala, Tex.Civ.App.1955, 279 S.W. 2d 604, 607; Rhone v. Try Me Cab Co., 1933, 62 App.D.C. 201, 203, 65 F.2d 834, 836.

tions to the slightest extent. In fact, it is apparent that plaintiffs either had no knowledge of Monahan's relation to defendant or had no concern whatever as to his authority to direct Kelly's conduct. Under such circumstances 'ostensible' authority arising from estoppel does not exist. (Citing cases.)

"The proof of actual authority either express or implied, does not require or necessarily include proof that the third party who seeks to establish the agency, knew of or relied upon its existence. (Citing cases.) *But the facts and circumstances relied upon to establish the agent's authority whether it be actual or ostensible, must consist of the words or conduct of the principal, unless acts of the agent are shown to have been with the principal's knowledge and express or tacit consent.* (Citing cases) Since there was no evidence whatever that the defendant knew of Monahan's direction to Kelly, that act of Monahan's may not be utilized as evidence that Monahan possessed authority to give the order." (Emphasis supplied.)

■ Here, there are no "words or conduct of the principal" which could have led plaintiff to believe that Meade was acting within the scope of his authority, or caused him to rely upon Meade's skill. Plaintiff had no contact with the defendant. Plaintiff was not induced to ride in the truck by anything the *defendant* did or said. Since the defendant itself made no representations or statements to the plaintiff, and did nothing other than to let Meade use its marked truck for his own purposes, plaintiff cannot establish liability on the basis of equitable estoppel, the principle behind the doctrine of ostensible authority. There is no "holding out" here by the defendant, either in allowing Meade to use the truck, or in any other fashion, which reasonably would induce the plaintiff to ride in the truck.

■ The evidence submitted in support of defendant's motion shows clearly and without contradiction (1) that the driver of defendant's truck was not acting within the scope of his employment or engaged in any business of the defendant at the time of the alleged accident; and (2) that no representations had been made by the defendant to the plaintiff which caused the plaintiff to rely upon the care and skill of an apparent agent. Under the facts established by the depositions and affidavits, plaintiff "would not be entitled to recover under any discernible circumstances". As between the plaintiff and defendant, there is accordingly no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law.[4]

The motion for summary judgment is granted.

---

4. While issues of negligence are ordinarily not susceptible of summary adjudication, "summary judgment has been rendered for the defendant on the basis of extraneous materials that did not involve any real issue of credibility and which clearly established that there was no genuine issue of material fact as to the following controlling matters: * * the defendant was not responsible for the negligent act or condition * * *".

6 Moore's Federal Practice 2232, § 56.17 (42). See Thomas v. Furness, Ltd., 9 Cir., 1948, 171 F.2d 434; Hoffman v. Lamb Knit Goods Co., D.C.W.D.Mich. S.D.1940, 37 F.Supp. 188; Berry v. Spokane, Portland & Seattle Ry. Co., D.C.D.Or.1942, 2 F.R.D. 483; Seward v. Nissen, D.C.D.Del.1942, 2 F.R.D. 545; Wendelen v. Commander Larabee Milling Co., D.C.W.D.N.Y.1950, 96 F.Supp. 92.