WILLIAM M. FLEITMANN, Suing on Behalf of Himself and All Other Stockholders of the CONSOLIDATED STREET LIGHTING COMPANY, etc., Respondent, *v.* THE UNITED GAS IMPROVEMENT COMPANY and Others, Defendants, Impleaded with CHARLES H. WERNER and Others, Appellants.

First Department, November 17, 1916.

Corporations — derivative action by stockholder — pleading — joinder of causes of action — effect of allegations of conspiracy — joinder in action against directors of allegations of neglect with those of willful wrongdoing.

In a representative or derivative action by a stockholder against the corporation, its directors and others, it is necessary to set forth in the complaint a cause of action in favor of the corporation, and the facts which entitle the plaintiff to maintain the action in its place.

Where the plaintiff in such an action has stated or attempted to state more than one cause of action, allegations of conspiracy will not aid him in mingling all the facts as one cause of action.

Provisions of a complaint in such an action analyzed in view of the requirements of the provisions of subdivision 2 of section 481 and of section 483 of the Code of Civil Procedure, and *held*, that it attempts to state two causes of action in favor of the corporation: (1) To recover damages for injury to its own business; and (2) to recover damages for the diminution in the value of the stock of another corporation by an injury to its business, and that the plaintiff should be required to serve an amended complaint separately stating and numbering said causes of action.

Rule for determining whether or not a complaint sets forth more than one cause of action stated.

It is proper in an action against directors of a corporation to combine in one cause of action allegations of neglect with those of willful wrongdoing.

APPEAL by the defendants, Charles H. Werner and others, from part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1916, as resettled by an order entered in said clerk's office on the 16th day of June, 1916.

*Edward W. Hatch,* for the appellants.

*Frank R. Greene,* for the respondent.

McLAUGHLIN, J.:

Appeal from so much of an order as denied a motion to require the plaintiff to separately state and number causes of action, or in the alternative to strike out certain allegations of the complaint as irrelevant.

The action is brought by the plaintiff as a stockholder of the Consolidated Street Lighting Company, a Maine corporation (hereafter called the Consolidated Company) to recover on its behalf damages alleged to have been sustained by the wrongful acts of the other defendants. The individual appellants, with the exception of Block, are directors of the Consolidated Company and constitute a majority of the board.

The complaint alleges, in substance, that prior to 1906 there was formed, and subsequently maintained, a combination and conspiracy on the part of the defendant corporations, other than the Consolidated Company, and of certain individual defendants other than the individual appellants, to control, throughout the United States, the business of securing contracts for municipal street lighting by incandescent gas lamps, and of supplying street gas lamps and accessories; that in 1906 the Consolidated Company was formed with a capital stock of $1,000,000; that after its formation it entered into the municipal gas street lighting field in competition with the defendant corporations and other companies subsidiary to or controlled by them; that it acquired all or nearly all of the outstanding capital stock of the American Street Lamp and Supply Company (hereafter called the American Company), a corporation which had been and then was in active competition with the defendants in the State of New York and elsewhere; that the individual appellants became parties to the conspiracy above referred to and in pursuance thereof, and in concert with the remaining defendants and others combined and conspired to injure and destroy the property and business of the Consolidated Company.

The complaint further alleges the purchase by the appellant Block, as agent of the other defendants, of more than two-thirds of the capital stock of the Consolidated Company, such purchase being accomplished by Block's false representations; the subsequent election of the individual appellants as directors

of the Consolidated Company; and the destruction of "the business, property and assets of every name and nature" of that company. The method by which this destruction is alleged to have been carried out is set forth at length. It is not alleged that any demand to bring the action was made upon the Consolidated Company or its directors, the excuse being that the directors are hostile to the corporation and under the control of the other defendants.

The appellants contend that the complaint, as it stands, contains three separate and distinct causes of action: (1) A cause of action in favor of the Consolidated Company for damages alleged to have been sustained by reason of the wrongful acts the defendants committed against it; (2) a cause of action to recover damages for the diminution in the value of the stock of the American Company owned by the Consolidated Company; (3) a cause of action against the individual appellants who were directors of the Consolidated Company for negligence and nonfeasance in office.

The learned judge sitting at Special Term held that the complaint stated but one cause of action and struck out certain allegations as irrelevant.

In an action of this character it is necessary to set forth in the complaint a cause of action in favor of the corporation and the facts which entitle the plaintiff to maintain the action in its place. (*Continental Securities Co.* v. *Belmont,* 206 N. Y. 7.) The fact that the plaintiff has alleged a conspiracy does not permit him to state as one cause of action facts constituting a separate and distinct cause of action. Where a conspiracy is alleged the gist of the action is damages, and not the conspiracy. This follows since a conspiracy does not give rise to a cause of action unless damage results therefrom. If, therefore, the plaintiff in the present action has stated, or attempted to state, more than one cause of action, the allegations of conspiracy will not aid him in mingling all of the facts as one cause of action. The Code of Civil Procedure (§ 481, subd. 2) provides that a complaint must contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition; and section 483 provides that where two or more causes of action are set forth, then they must be

separately stated and numbered.    Analyzing the complaint, in view of the requirements of the provisions of the Code referred to, I am of the opinion that it attempts to state two causes of action in favor of the Consolidated Company: (1) To recover damages for injury to its own business; and (2) to recover damages for the diminution in the value of the stock of the American Company by an injury to its business.    A series of wrongs are alleged to have been committed against each company.    The plaintiff is not a stockholder of the American Company, but is of the Consolidated Company.    Any wrongs committed against the former are of no materiality unless they resulted in injury to the stock of that company.    No judgment is sought in favor of the American Company, but simply one in favor of the Consolidated Company.    Any cause of action, as it seems to me, which the Consolidated Company may have for the diminution in the value of the stock of the American Company on account of the facts alleged is wholly separable from any cause of action it may have by reason of an interference with its own business.    Nothing that the defendants did with respect to the business of the Consolidated Company could in any way affect the value of the stock of the American Company.    To do that defendants must have inflicted some injury upon it which would require, in order to establish, different proof from that required to establish an injury to the Consolidated Company.

A cause of action, if one exists in favor of the plaintiff, is because the rights of the Consolidated Company have been invaded, which has resulted in damage to it.    It is not the damage sustained that constitutes the cause of action, but the invasion of the rights which results in damage.    The rule to be applied in determining whether or not a complaint sets forth more than one cause of action is stated in Pomeroy's Code Remedies (4th ed.) as follows: "If the facts alleged in the pleading show that the plaintiff is possessed of two or more distinct and separate primary rights, each of which has been invaded, or that the defendant has committed two or more distinct and separate wrongs, it follows inevitably from the foregoing principle that the plaintiff has united two or more causes of action, although the remedial rights arising from each, and the cor-

responding reliefs, may be exactly of the same kind and nature. If two separate and distinct primary rights could be invaded by one and the same wrong, or if the single primary right should be invaded by two distinct and separate legal wrongs, in either case two causes of action would result; *a fortiori* must this be so when the two primary rights are each broken by a separate and distinct wrong. (§ 350.) * * * If the examination discloses more than one distinct and independent primary right held by the plaintiff, and all of them invaded by the defendant, or more than one distinct and independent wrong done by the defendant to the plaintiff's primary right or rights, then the complaint or petition has united different causes of action, and the rules which control their joinder are brought into operation." (§ 351.)

This rule has been approved in *Payne* v. *N. Y., S. & W. R. R. Co.* (201 N. Y. 436) and *Stines* v. *City of New York* (154 App. Div. 276).

The action, as already indicated, is a derivative one and the plaintiff must aver and establish a cause of action in the Consolidated Company, whose rights are sought to be enforced. (*Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 N. Y. 119; *Waters* v. *Waters & Co.*, 201 id. 184.)

The damages, if any, sustained by the Consolidated Company through the diminution in the value of the stock of the American Company were occasioned by wrongs separate and distinct from those causing the damages which it is alleged to have sustained by the interference of the defendants with its own business. Not only were separate legal wrongs committed, but separate and distinct primary rights are alleged to have been invaded.

If these views be correct, then it follows that two separate and distinct causes of action were attempted to be set forth — one to recover damages for a wrong done the Consolidated Company, and the other for a wrong done the American Company.

It is further contended by appellants that the allegations to the effect that the directors of the Consolidated Company were guilty of neglect and nonfeasance in office also constitute an

attempt to state a separate cause of action. I do not think so. It is proper in an action against directors of a corporation to combine in one cause of action allegations of neglect with those of willful wrongdoing. (*Mutual Life Ins. Co.* v. *McCurdy, No. 1,* 118 App. Div. 815; *Smith* v. *Rathbun,* 22 Hun, 150.) Such allegations, therefore, it seems to me, may be properly included in the cause of action attempted to be set forth in the right of the Consolidated Company, since such neglect or nonfeasance may have been a part of, or connected with, the conspiracy to injure and destroy the business and property of that corporation.

So much of the order as is appealed from, therefore, is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, to the extent of requiring plaintiff to serve an amended complaint in which he shall separately state and number the causes of action as indicated in this opinion.

CLARKE, P. J., SCOTT and SMITH, JJ., concurred; DOWLING, J., concurred in result.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent stated in opinion. Order to be settled on notice.