John W. Gates and Another, as Executors, etc., of Helen M. Gridley, Deceased, Respondents, *v.* George L. Gridley and Another, Appellants.

Fourth Department, May 14, 1930.

*Hiscock, Williams & Cowie* [*Daniel Scanlon* of counsel], for the appellants.

*Hitchcock, Murphy, Mawhinney & Cohen* [*Joseph B. Murphy* of counsel], for the respondents.

Per Curiam. When the plaintiffs offered the evidence of the witness Hitchcock as to admissions of the defendant George L. Gridley to the effect that the defendants had borrowed money from the testatrix and given their note therefor, they opened the door to proof of further statements made by the defendant Gridley to Hitchcock at the same time that the defendants had been released from their obligation by a gift of the note to the defendant George L. Gridley by the testatrix shortly before her death. The admission of liability sought to be elicited was thus turned into a declaration of non-liability. (*Carver* v. *Tracy,* 3 Johns. 427; *Smith* v. *Jones,* 15 id. 229; *Rouse* v. *Whited,* 25 N. Y. 170; *People ex rel. Perkins* v. *Moss,* 187 id. 410; 4 Wigm. Ev. [2d ed.] § 2117.)

While the statement of Gridley taken as a whole is evidence of the gift, its truth still remained a question for the jury. The indebtedness of the defendants was established, not only by the admission of the defendant Gridley to Hitchcock and the admission

of the defendant Abbie E. Gridley in her talk with Hitchcock, but by the admissions contained in the pleadings of both defendants. The burden of proving the gift was at all.times upon the defendants. George L. Gridley's statement to Hitchcock, of which different accounts are given by the witnesses Hitchcock and Gridley, does not sustain the burden as matter of law. The defendants under the peculiar circumstances of this trial were not entitled to a nonsuit or a direction of a verdict, but were entitled to present to the jury the question whether the gift was in fact made.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and new trial granted, with costs to appellants to abide the event.