SIDNEY GANS and Others, Plaintiffs, and JAY WINSTON and Others, as Executors, etc., of CORNELIUS D. KAY, Deceased, and CHARLES A. CROWNSHIELD, Plaintiff-Intervenors, v. WILLIAM R. HEARST and Others, Defendants.

Supreme Court, Special Term, New York County, November 30, 1939.

*Hays, Podell & Schulman,* for the plaintiff Sidney Gans and counsel for all plaintiffs and plaintiff-intervenors.

*Milbank, Tweed & Hope,* for the defendants American Newspapers, Inc., The Hearst Corporation, Hearst Enterprises, Inc., Kings Feature Syndicate, Inc., and Hearst Magazines, Inc.

*Cullen & Dykman,* for the defendants William R. Heartst, Jr., · John R. Hearst, Edward H. Clark, Charles B. McCabe, Fred E. Hagelberg and Thomas J. White.

*Parker & Duryee,* for the defendant Hearst Consolidated Publications, Inc.

*Donovan, Leisure, Newton & Lumbard,* for the defendant John F. Neylan.

SCHMUCK, J. Two separate motions are made in this consolidated action directed to the amended complaint. The action is brought by stockholders of Hearst Consolidated Publications, Inc., on behalf of and in the right of said corporation against directors and others in authority of that corporation and its subsidiaries. All the defendants except Neylan moved to separately state and number the causes of action. Defendant Neylan moves for the same relief, but adds a demand that the complaint be made more definite and certain and that particular paragraphs be stricken out. The topic common to both motions, that is, the demand to separately state the causes of action, will be considered first.

The complaint is stated in a single count. Defendants contend that the plaintiffs have combined in one cause an action based upon their individual right for damages for fraud and deceit in the sale of Class A stock of Hearst Consolidated Publications, Inc., actions in a representative capacity as stockholders to recover for wrongs to subsidiary corporations, actions to recover damages to the parent corporation for waste of corporate assets, actions in a representative capacity to compel certain of the defendants to account for personal profits alleged to have been improperly derived from the corporation.

Plaintiffs are suing as stockholders of Hearst Consolidated Publications, Inc. They are not stockholders of any subsidiary. In vindication of their right to combine all actions in one count plaintiffs argue that the representative stockholders' action is necessarily one in equity and that the statute authorizes a single cause of action for directors' negligent mismanagement and not a statement of the causes by separation of the legal from the equitable counts. It is also argued that the wrong to the subsidiary corporations is so bound up with the wrong to the parent corporation by the interlocking directors that a separate statement as to the wrong to the subsidiaries is unnecessary.

At the outset it should be observed that sections 60 and 61 of the General Corporation Law, which authorize a single cause of action against directors for mismanagement, have no application to a derivative or stockholders' action. The relief under section 60 applies, by the express language of section 61 of the General Corporation Law, to an action by the Attorney-General, by the corporation, by a creditor, receiver or trustee in bankruptcy, or by a director or officer of the corporation. A stockholder suing the corporation on its behalf is not in the same position as if the corporation were itself bringing the action, so far as the language of section 61 is concerned. (*Bookbinder* v. *Chase National Bank*, 244 App. Div. 650.) This at once disposes of the argument that both legal and equitable claims against directors in a stockholder's derivative action may be combined in one count. True, there is only one count here which by its nature as a stockholders' representative action is cognizable only in a court of equity. Nevertheless, the distinction between legal and equitable claims still remains. In the instant pleading the former involve those in negligence and waste, the latter those which strictly require an accounting by the defendants of moneys actually received by them. The importance of the distinction is well illustrated by the results in *Potter* v. *Walker* (276 N. Y. 15). There plaintiff, as stockholder, brought a representative action against defendants as directors. The action was thus a derivative one. Causes of action there were separately stated and they were attacked by defendants on the ground that they were barred by the Statute of Limitations. The court reaffirmed the familiar principle that if an action brought in equity could have been brought in law, the shorter period of limitation, or the one applicable in an action at law, would apply. The grievances connected with waste and negligence are of a legal nature; the ones charging misappropriation of funds belonging to the corporation is equitable. Different periods of limitation apply. Besides, claims equitable in nature may under certain circumstances substantively be judged by principles not applicable to legal counts. The difficulty of moving to the sufficiency of any legal or equitable claim is enormously multiplied by its being merged with other claims. This is particularly true since the extension of some of the privileges of rules 113 and 114 of the Rules of Civil Practice to moving defendants.

Should each alleged independent wrong to the corporation be separately stated? There are a number of such transactions; for example, the allegation as to certain improvident purchases, improvident mergers, improper transfers of property and improper declarations and payments of dividends. It is not always easy to

answer a question of this character. It is not categorically a rule that each independent wrong must be stated as a separate count. The wrongs involving waste and mismanagement may be so interconnected as to make it unwise and possibly prejudicial to separate them. (*Fleitmann* v. *United Gas Improvement Co.*, 174 App. Div. 781.) The acts of nonfeasance, misfeasance or malfeasance on the part of directors so far as they do not involve an accounting for property belonging to the corporation which they have retained, may be pleaded in the single count. The distinction, however, should be made in the case of the charge of improper declarations and payments of dividends. This depends upon a different statutory rule and should be separately pleaded.

I realize the claim that the merging of the independent legal wrongs in one count may make it difficult for defendants to avail themselves of the benefits of rules 113 and 114. It does not seem that the difficulty is insuperable. Rule 114 provides that " if it appear that a motion to dismiss a complaint under rule 113 applies only to one or more of several causes of action  *  *  *  and that defendant's contentions are sufficient to dispose of the claims of the complaint in such part, the defendant may have final judgment forthwith dismissing the complaint to the extent warranted." Under this rule it might seem that if any defendant desired to avail himself of the right to dismiss any particular charge of wrongdoing, this charge would have to be framed in a separate count. Nevertheless, the rule does not appear to be quite as rigid. If any defendant should be able to show by affidavit or by facts appearing subsequent to the joinder of issue or at any other time prior to trial, that a certain claim, although incorporated with others in a single count, is unwarranted, in fact, there is no reason why it should not be allowed to show this by affidavit and to ask that such claim be separated from the rest of the count and dismissed against the moving defendant under rule 114 as though it were an independent cause of action.

Some difficulty in pleading the Statute of Limitations may be suggested if a particular charge is not framed as a separate count. The pleading of the statute is not made impossible by the fact that such plea may be applicable only to a part of a count and not to the entire cause of action. (*Delabarre* v. *McAlpin*, 101 App. Div. 468.)

Demand is also made that the alleged wrongs to the subsidiaries should be pleaded separately from those directly involving the parent corporation. In *Fleitmann* v. *United Gas Improvement Co.* (*supra*) an action was brought by the stockholder of the parent company by reason of wrongful acts of defendants committed against it and by reason of wrongs done to the subsidiary of which

the plaintiffs were not stockholders. Their cause of action was to recover damages for diminution in the value of the stock of the subsidiary owned by the parent company. The wrongs done to the subsidiary, as such, could not be the basis of a cause of action by the plaintiffs, because they were not stockholders. Their right was based upon the fact that the injury to the subsidiary resulted in injury to the stock of the company which was owned by the parent company. That injury would result in diminution of the value of the stock of the parent company and would entitle the plaintiffs to maintain an action. Different proof, it was held, was required to sustain the resultant wrong to the parent company by reason of the wrong to the subsidiary, from the proof necessary in case of a direct wrong done to the parent company. Consequently, the wrong to the holding company, reflected by the injury to the subsidiary, was to be separately pleaded from the other wrong. Plaintiffs point to *Broderick* v. *Marcus* (146 Misc. 240) as indicating a distinction. A consideration of that case shows that the decision to ignore the distinction between the subsidiaries and the parent company was arrived at with some hesitation, and separation was finally denied because the transactions attacked involved inseparably interrelated acts and damage which virtually could be measured only in its effect upon the parent company.

As to the request that paragraphs First to Sixth should be pleaded as a separate cause of action of a wrong to the plaintiffs in their individual capacity, plaintiffs object by saying it was not their intention to plead an individual cause of action. If that is so, then a great deal of what is in those paragraphs is irrelevant and prejudicial and tends to inject an atmosphere of wrong. It is possible that plaintiffs may import some of their allegations of the conspiracy phases in those paragraphs in connection with the causes of action pleaded in the new complaint to be served. No disposition will be made at this time as to such paragraphs. · The motion to separately state and number the causes of action will, therefore, be granted to the extent of requiring the service of a new complaint, separately setting forth the cause of action for legal wrongs to the parent company, except the one for improper dividends, another count for the improper declaration of dividends, another for the damages to the parent company due to the defendant's invasion of the subsidiaries, another action for equitable claims to an accounting of the property of the parent corporation.

The disposition of the motion of the defendant Neylan to make more definite and certain and to strike out certain paragraphs must needs be deferred until the service of a new complaint which separately states the causes of action. These branches of that motion are, therefore, denied without prejudice. Settle order.