In the Matter of the Application of NEWTON B. VAN DERZEE, Petitioner, for an Order against CITY OF LONG BEACH and Another, Respondents.*

Supreme Court, Special Term, Nassau County, January 10, 1942.

*Newton B. Van Derzee, Jr.,* for the petitioner.

*Bernard H. Reich, Corporation Counsel [Louis A. Friedman* of counsel], for the respondents.

FROESSEL, J. The petitioner has instituted this proceeding for an order pursuant to article 78 of the Civil Practice Act, directing the treasurer of the city of Long Beach to pay over to him the sum of $2,002.50 (and interest), representing interest claimed to be due on December 1, 1940, and subsequently, on coupon bonds of the said city heretofore issued between the years 1923 and 1938. On the return day of the notice of application, the respondents, pursuant to section 1293 of the Civil Practice Act, moved to dismiss the petition for legal insufficiency.

Petitioner relies upon section 2 of article VIII of the New York State Constitution, adopted November 8, 1938, and which became effective January 1, 1939. Respondents contend that inasmuch as the bonds and the coupons attached thereto were issued prior to the adoption of said constitutional amendment, it is inapplicable,

* See, also, 177 Misc. 894.

notwithstanding the fact that the interest sought to be collected by this proceeding became due subsequent to the effective date of the amendment.

Section 2 of article VIII of our State Constitution contains four unnumbered paragraphs. In the first paragraph we find provisions relating to the refunding of " indebtedness *heretofore* contracted," as well as to " indebtedness *hereafter* contracted." (Italics mine.) In the second paragraph reference is made to indebtedness that " shall be contracted," and in the case of refunding, express exceptions are made in the case of " indebtedness *heretofore* contracted," with respect to payment of installments. The third paragraph of section 2 applies exclusively to the city of New York. The fourth paragraph, so far as pertinent here, provides as follows: " Provision shall be made annually by appropriation by every ✻ ✻ ✻ city ✻ ✻ ✻ for the payment of interest on *all* indebtedness ✻ ✻ ✻. If at any time the respective appropriating authorities shall fail to make such appropriations, a sufficient sum shall be set apart from the first revenues thereafter received and shall be applied to such purposes. The fiscal officer of any ✻ ✻ ✻ city ✻ ✻ ✻ may be required to set apart and apply such revenues as aforesaid at the suit of any holder of obligations issued for any such indebtedness." (Italics mine.)

It is manifest from the foregoing that when the amendment seeks to distinguish between indebtedness heretofore contracted and indebtedness hereafter contracted, it does so specifically. It necessarily follows that when it speaks of " the payment of interest on *all* indebtedness," it means to embrace interest on indebtedness heretofore contracted as well as hereafter contracted. A plain interpretation of the language of the amendment permits of no other view. Indeed, the purpose of the amendment was to assist municipalities to establish sound credit, as appears from the Revised Record of the New York State Constitutional Convention ([1938] vol. II, p. 1077). After pointing out that this last paragraph of section 2 was adopted from section 11 of article VII (now § 16), which similarly provides for payment of State indebtedness, the Record states: " This section of the State Constitution has been of inestimable value in building up and maintaining the credit of the State, and a similar provision applicable to bonds issued on the full faith and credit of a locality will, the committees believe, have similar result. Sound credit not only results in lower interest rates and consequent saving to the taxpayers, but assures the locality of the opportunity to issue obligations when it finds it necessary to do so." In this connection, the language of LEHMAN, Ch. J., in *Cherey* v. *City of Long Beach* (282 N. Y. 382, 386), is particularly appropriate:

" Experience has demonstrated that in public, as in private, business current expenses should ordinarily be paid from current income; and that when indebtedness is contracted to meet extraordinary expenditures or expenditures not expected to recur, the indebtedness should be paid within the period in which the benefit expected to result from such expenditures is enjoyed. Where public officers charged with the duty to maintain government and to provide the money required to meet its expense have unrestricted power to borrow money, there is danger that such power may be used to postpone payment of current expenses and to place upon later generations the burden of paying for benefits long after the benefits have ceased. Extravagance, waste and, eventually, impairment or destruction of the public credit may result.

" The Constitutional Convention of 1938 heeded such danger and formulated amendments to the Constitution calculated to afford adequate protection."

The authorities cited by the respondents in support of their contention that the amendment should be interpreted as having prospective operation only, can have no application here, for in the instant case the language is clear. Nor does the opinion of the Attorney-General of the State of New York (1939, Op. Atty.-Gen. 152), cited by respondents, support their view. On the contrary, it supports the view of the petitioner. The Attorney-General points out that the fourth paragraph of section 2 " is general in terms and I perceive no basis for giving it a limited or restricted meaning." He also points out that the absence, in the fourth paragraph, of an express exception as to the refunding of indebtedness created before the adoption of the amendment, is clear indication that no such exception was intended.

In the light of the foregoing views, the motion of the respondents to dismiss the petition for legal insufficiency must be denied. Said respondents, however, shall have leave to answer within ten days after service of a copy of the order to be entered hereon.

Submit order.