CHARLES H. STOLL, Respondent, v. LONG-ISLANDER PUBLISHING COMPANY et al., Appellants.—

No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

CHARLES H. STOLL, Respondent, v. EDMUND STRATTON et al., Appellants.—

No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

In the Matter of NEWTON B. VAN DERZEE, Appellant and Respondent, against CITY OF LONG BEACH et al., Respondents and Appellants.—

In our opinion the language of article VIII, section 2, of the New York State Constitution, is to be construed to apply to interest which became due after the effective date of the constitutional provision, irrespective of whether the indebtedness was incurred prior or subsequent to the date it became effective. Moreover, the constitutional provision neither establishes nor affects any substantive right but deals only with a remedy afforded to the creditors of the city on its bonded indebtedness and, therefore, is to be construed as operating retroactively. (*City of New York* v. *Appleby*, 219 N. Y. 76; *Holmes* v. *Camp*, 219 N. Y. 359; *Jacobus* v. *Colgate*, 217 N. Y. 235;

*Laird* v. *Carton*, 196 N. Y. 169.) Since it creates no new obligation or duty, as distinguished from a mere remedy, it does not impair the obligation of a contract within the purview of the provisions of the Federal and State Constitutions. (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140, affd. 290 U. S. 163.) In view of the mandatory provisions of the section in question, hardship is no defense to the payment of interest by the city on its indebtedness to petitioner. The mandate of the Constitution must be obeyed. (*Judd* v. *Board of Education*, 278 N. Y. 200; *State ex rel. Dos Amigos, Inc.*, v. *Lehman*, 100 Fla. 1313.) Carswell, Johnston, Adel, Taylor and Lewis, JJ., concur. Settle order on notice. [178 Misc. 29.]