J. Vincent Keogh, J.
Defendants Hein and Adams have moved to dismiss the complaint or, in the alternative, for an order requiring plaintiffs to file an amended complaint complying with the provisions of section 241 of the Civil Practice Act and with rules 90 and 103 of the Rules of Civil Practice. Defendants Rosen and Harris have similarly moved, except that instead of asking for dismissal of the complaint they seek an order striking certain specified allegations of the complaint as indefinite, uncertain and obscure, and as irrelevant and redundant, or alternatively, for an order requiring service of an amended complaint.
The facts alleged under the first cause of action of the complaint state at least two causes of action, one for simple breach of contract by defendants Rosen and Harris, and the other, against all defendants except defendant Franklin National Bank, for allegedly inducing breach of the contract. The plaintiffs are required separately to state and number such causes of action (Rules Civ. Prac., rule 90; Kramer v. Hubbell, 269 App. Div. 759). It is not shown that it would *1011 prove too onerous to the plaintiffs to be required to comply with rule 90. The fact that plaintiffs also allege a conspiracy does not permit them to state as one cause of action facts constituting separate and distinct causes of action (Bob v. Hecksher, 235 App. Div. 82; Fleitmann v. United Gas Improvement Co., 174 App. Div. 781, 783).
Regardless of whether the allegations in the instant case make out such a cause of action in conspiracy against any of the defendants, the inclusion of such allegations under the first cause of action, commingled as they are with the allegations making up the other two causes of action, serve only to obscure the issues arising out of such other causes of action.
If plaintiffs contend that the matters contained under the first cause of action of the complaint render any of the defendants liable to plaintiffs, independent of the claimed wrongs of breach of contract and inducing the breach of contract, such alleged cause of action must also be separately stated and numbered.
The incorporation, by reference, in the second cause of action of the complaint, of the allegations contained in paragraphs “ 1 ” to “15” inclusive, and paragraphs “16” and “ 17 ” which are set forth under the first cause of action of the complaint, renders such second cause of action faulty, whether on the ground that a cause of action may not incorporate by reference the paragraphs of another cause of action which are not relevant or material to the former cause of action (Stall v. Long Islander Pub. Co., 40 N. Y. S. 2d 412, affd. 265 App. Div. 1059), or on the ground that it is an improper commingling of causes of action.
The complaint contains numerous irrelevant and immaterial statements and much evidentiary matter that should not properly be included in the complaint. Plaintiffs concede that the fact that a conspiracy is charged has “made it imperative to include more detailed allegations than might otherwise be necessary.” Even though this be assumed, nevertheless, in view of the fact that such allegations can have relevancy and materiality only if a cause of action in conspiracy is stated, and since any cause of action for conspiracy must be separately stated and numbered, it is obvious that the first cause of action of the complaint contains a mass of evidentiary and detailed matter which has no bearing on the other causes of action which themselves have not been, in form, properly pleaded. This fault is carried over into the second cause of action of the complaint, through the incorporation, by reference, of certain of the paragraphs contained under the first cause of action. *1012 Under the foregoing circumstances, it cannot be said that defendants will suffer no prejudice from the inclusion of such objectionable matter, which permeates the entire complaint.
The complaint is stricken out in its entirety and service of a properly amended pleading- required (Tankoos v. Conford Realty Co., 248 App. Div. 614; Isaacs v. Washougal Clothing Co., 233 App. Div. 568; Grobman v. Freiman, 3 Misc 2d 656).
Accordingly, the motions of defendants are granted and plaintiffs are directed to serve a further amended and supplemental pleading within 20 days after service of a copy of this order with notice of entry.
Settle order on notice.