Harold Tessler, J.
Motion by the defendant to dismiss each of the two canses of action set forth in the plaintiff’s complaint on the ground that neither states, facts sufficient to constitute a cause of action.
Both parties are dentists duly licensed to practice their profession in the State of New York. It is alleged in the first cause of action that in January, 1954, the defendant became associated with the plaintiff in the practice of dentistry in the plaintiff’s office and that they made an agreement in May, 1954 to be associated in such practice “in a joint venture”; that on May 12, 1954, the plaintiff was induced by the defendant to execute a bill of sale, transferring to the defendant all his right, title and interest to his practice and the fixtures, chattels, equipment and good will, and that simultaneously the plaintiff assigned to the defendant his right, title and interest to the lease for the premises all “ without the payment of any money or monies therefor, without adequate consideration, and if the same were signed by the plaintiff, were given without his being represented by an attorney of his own choice ”; that this alleged joint venture was thereafter carried on as such; that defendant utilized plaintiff’s dental equipment, books and furniture and continued the conduct of the practice of dentistry at the plaintiff’s premises following the admission of the plaintiff to Hillside Hospital in about May, 1955 because of a mental illness; *285 that since about 1954, the defendant has received all moneys from the said alleged joint venture and that upon the return of the plaintiff from the hospital, after an absence of about six months, the defendant continued to collect great sums of money from the income of the said dental practice; that plaintiff continued to give to the alleged joint venture his full time and attention and that the “ defendant promised him at numerous times, the sum of Twenty five thousand ($25,000) Dollars in addition to monies drawn, and later promised this same sum when plaintiff would become eligible for Social Security ’ ’; that the plaintiff relied upon these promises and remained, but has now been excluded from his office and his name removed from the door of same. Under this cause of action, the plaintiff seeks judgment declaring that the bill of sale and assignment of lease, allegedly dated May 12, 1954, be adjudged to be fraudulent and void and set aside, that the defendant be adjudged to surrender and cancel the same and that the plaintiff be adjudged to be an equal owner with the defendant in said dental practice.
The second cause of action incorporates by reference 26 of the 27 allegations of the first cause of action and alleges that on December 17, 1959, and for sometime prior thereto, plaintiff demanded of the defendant an accounting of their joint venture which up to the date of the commencement of the action was not forthcoming. Under this cause of action, plaintiff seeks judgment directing the defendant to account for the proceeds received from the dental practice by him from May 12, 1954, allowing credit for any expenses thereof.
While there are conclusory allegations in this rather inartistically drawn complaint that the plaintiff was “ in feeble health and physically and mentally infirm, and * * * susceptible to, and liable to be easily influenced and deceived” and that the defendant “ deliberately contrived to take advantage of the plaintiff’s weakness, infirmities and credulity ”, and thereby obtained “ sole possession of the plaintiff’s personal property and their joint dental practice” in the manner described, it cannot be said that this complaint is grounded in fraud since the essential elements of such a cause of action have not been alleged as required by the authorities. (Reno v. Bull, 226 N. Y. 546; Ochs v. Woods, 221 N. Y. 335.) Nor has the plaintiff alleged sufficient facts to state a cause of action establishing a transfer to a fiduciary, without consideration, so as to give rise to a presumption of fraud because of such relationship. (See, e.g., Rowland v. Smith, 9 A D 2d 197.) Nor has the plaintiff alleged sufficient ultimate facts, as distinguished from eon *286 elusions, so as to bring this case within the ambit of such authorities as Cowee v. Cornell (75 N. Y. 91) where the court said at pages 99-100: 11 Whenever. * * * the relations between the contracting parties appear to be of such a character. as to render it certain that they do not deal on terms of equality but that either on the one side from superior knowledge of the matter derived from a fiduciary relation, or from overmastering influence, or on the other from weakness, dependence or trust justifiably reposed, unfair advantage in a transaction is rendered probable, then the burden is shifted, the transaction is presumed void, and it is incumbent upon the stronger party to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair.” (See, also, Barnard v. Gantz, 140 N. Y. 249; Allen v. La Vaud, 213 N. Y. 323; Matter of Booth, 215 App. Div. 516; Gates v. Gridley, 229 App. Div. 368.)
The first cause of action contains partial elements of all such causes of action, but none sufficient to constitute any such cause of action. In addition, the allegation as to the formation of the alleged joint venture contains little more than that it was formed without furnishing the defendant any intimation of the terms and conditions of such alleged joint venture.
A pleading must allege the facts which constitute the wrong charged as required by section 241 of the Civil Practice Act and general conclusions are not enough. This rule is predicated upon the sound principle that an adversary should not be taken by surprise at the trial but should be able to meet the proof adduced by the pleader. (Morgenstern v. Cohon, 2 N Y 2d 302, 308.) The rule requiring a complaint to be accorded every fair and reasonable intendment upon a motion challenging its sufficiency does not aid the plaintiff with the complaint such as has here been described since liberality “ cannot be used as a substitute for matters of substance ” and legal conclusions “ utilized to supply material facts by inference within the doctrine of liberal construction.” (Didier v. Macfadden Pub., 299 N. Y. 49, 53.)
The attention of counsel for the plaintiff is drawn to the fact that when incorporating by reference allegations of a cause of action only those that are necessary and material to the subsequent cause of action may be so incorporated. It is improper to incorporate all the allegations of a preceding cause of action unless they are material to the subsequent one. (Stoll v. Long Islander Pub. Co., 40 N. Y. S. 2d 412, affd. 265 App. Div. 1059; Albert v. Hein, 8 Misc 2d 1010.)
*287 Accordingly, the motion is in all respects granted. The plaintiff is granted leave to serve an amended complaint within 20 days of the service of a copy of the order hereon, with notice of entry, setting forth his cause or causes of action in accordance with the views herein expressed and the provisions of section 241 of the Civil Practice Act.