Charles Lambíase, J.
This is a motion brought by the defendants: “ (1) For an order dismissing the complaint herein, on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action, (2) In the alternative, for an order directing the plaintiff to serve an amended complaint stating and numbering separately the alleged causes of action set forth herein against each of the defendants, (3) That the matter contained in paragraphs numbered ‘7’, ‘9’, ‘10’, ‘11’, ‘12’, ‘13’, ‘14’, ‘16’, ‘17’, ‘ 18 ’, ‘ 22 ’ and ‘ 23 ’ be stricken as irrelevant and redundant, and you will please further take notice that the defendants will then and there move for such other and further relief as to the Court may seem just and proper and for costs of said motion.”
Plaintiff in his complaint sets forth two causes of action, both for malicious prosecution. The first cause of action alleges in substance that a criminal proceeding brought by defendant, Gretchen V. Williamson, with the assistance of the other defendants, against the plaintiff, was dismissed over the objection of complainant’s attorney, the defendant H. Paul Comisar appearing for the defendant Leo F. Simpson, Jr., the latter being the attorney for defendant Gretchen V. Williamson, because of the failure of the defendant Gretchen V. Williamson, complainant therein, to appear. The second cause of action alleges *76 another and later criminal proceeding, which was dismissed on the failure of the complainant to appear.
It has been stated that where a proceeding has been determined in favor of the accused by judicial action of the proper court or official in any way involving the merits or propriety of the proceeding or by a dismissal or discontinuance based on some act chargeable to the complainant, as his consent or his withdrawal or abandonment of his prosecution, a foundation has been laid for an action of malicious prosecution. (Halberstadt v. New York Life Ins. Co., 194 N. Y. 1; Levy’s Store v. Endicott-Johnson Corp., 272 N. Y. 155; Dziobecki v. D’Ambrosi, 26 Misc 2d 65.) It would seem that the dismissal of the charges against the plaintiff herein were based on some act chargeable to the complainant, defendant Gretchen V. Williamson, in each instance and, in our opinion, therefore, the complaint states facts sufficient to constitute causes of action against her and through her against the other defendants.
As to items 2 and 3 above: — An examination of the complaint, particularly of the paragraphs complained of herein, indicates that it contains allegations of an evidentiary nature and other allegations wherein material facts and evidentiary facts are set forth and loosely commingled. It does not comply with section 241 of the Civil Practice Act and rule 90 of the Rules of Civil Practice. Under section 241 of the Civil Practice Act “ Every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved.” Rule 90 of the Rules of Civil Practice prescribes the formal requirements of a pleading.
Writing with reference to said section 241, the court in Tankoos v. Conford Realty Co. (248 App. Div. 614) said: 1 ‘ When the rule is violated the defendant will not be required to make answer to a pleading that is unnecessarily prolix, redundant and repetitious, and where, instead of stating plainly and concisely the material facts, the pleading contains evidentiary matter and is cumbered by a mass of immaterialities. Nor will the court make selection from the mass of verbiage and superfluous matter to isolate a modicum of facts that are material. A simpler and more summary method exists. In such a case the court will strike out the entire pleading and require the plaintiff to serve an amended pleading following proper methods * * * [citing cases].”
We have concluded that upon the state of the complaint it must be stricken out in its entirety, and service of a properly amended complaint is required. (Rules Civ, Prac.? rifle 103- *77 Alpert v. Hein, 8 Misc 2d 1010, affd. 5 A D 2d 771; Grobman v. Freiman, 3 Misc 2d 656.) We have found that the complaint states causes of actions, but it must be redrafted by the attorney and not by the court. It is to be desired that plaintiff will have in mind said section 241 of the Civil Practice Act and rules 90 and 103 of the Rules of Civil Practice as he pleads against each defendant in his amended pleading.
The motion of the defendants is denied as to item (1) of the prayer for relief; and as to items (2) and (3) it is granted to the extent that the complaint is stricken out in its entirety and plaintiff is directed to serve an amended complaint within 20 days after the service upon plaintiff’s attorney of a copy of the order to be entered upon this application with notice of entry thereof, without prejudice to the defendants or any of them to make such motions in regard to such amended complaint as they may be advised.