No. 17,086.

GIBBONS & REED CO. ET AL. *v.* HOWARD.

No. 17,087.

GIBBONS & REED CO. ET AL *v.* HOWARD.
(269 P. [2d] 701)

Decided April 5, 1954.   Rehearing denied April 26, 1954.

Messrs. JANUARY & YEGGE, Mr. RICHARD D. HALL, for plaintiffs in error.

Messrs. SHUTERAN, ROBINSON & HARRINGTON, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANTS in error, man and wife, on April 18, 1952, filed their separate complaints against plaintiffs in error for personal injury and property damage resulting from a collision between the automobile in which plaintiffs were riding and a truck owned by defendants on the highway seven miles east of Dillon, Colorado, about 9:30 o'clock p.m. on August 19, 1951. The two cases were consolidated, and trial commenced January 21, 1953 before a jury of six, which returned verdicts, one in favor of Mrs. Howard in the sum of $7500.00, and the other for $6300.00 in favor of Mr. Howard, and judgments were entered accordingly. Motions for new trial were overruled on March 9, 1953, and plaintiffs in error seek review of these judgments.

Sometime prior to the date of the accident, both defendants, being Utah corporations, were engaged in some enterprise near Loveland, Colorado, where their employees lived. These corporations, about May 3, 1951, contracted to undertake an operation for the specific purpose of developing the Storke level in the mine of the Climax Molybdenum Company, located at Leadville, Colorado. The defendant corporations began work shortly after the signing of the contract, and prior to August 19, 1951, the date of the accident, several employees of the company, formerly living in Loveland, moved their household belongings to Leadville by using a truck be-

longing to defendants. This truck, with permission of defendant companies, had been used by other employees for hauling dirt, kindling wood, or moving furniture.

One Frank McCary, an employee of defendant companies, formerly was an employee in the Climax mine, and was working underground as a mucker; he went to work for defendant companies on June 10, 1951, at which time his family was living in Loveland; he asked Guy. Morse, the master mechanic in charge of the maintenance of all mechanical equipment of defendant companies, including the trucks on the surface operation, for permission to use the company truck over the following week end to move his family and belongings to Leadville. During the week he was injured in a mine accident and an arrangement was made with Robert McDonough, his brother-in-law, to take the truck, go to Loveland, and do the moving for him. McDonough went to Loveland and was returning to Climax with the load of furniture at the time of the accident in which plaintiffs were injured and McDonough was killed.

There seems to be no dispute concerning the ownership of the truck, the nature of the accident, or the damages. The sole question being: Was McDonough, the driver of the truck, within the scope of the employment of defendants at the time of the accident? Defendants contend that he was not. From the testimony, in which there is no dispute and which it is not necessary to detail, the following facts, in substance, are presented:

During the period of about ninety days between the time work was started at Climax and the accident, a practice had developed in permitting responsible employees the use of this one particular truck for their individual and personal purposes similar to the occasion here involved. This permission was granted upon request by such employees usually first through Morse, the master mechanic in charge, and then through one McGlothin, the superintendent. The reason for this practice seemed to be to maintain good feeling among the

employees by receiving such accommodations. Plaintiff seems to rely upon this incidental benefit to the defendant corporations as being sufficient to establish the present incident as being within the scope of McDonough's, the driver, employment. The burden to establish the allegations of the complaint to that end was upon plaintiffs, which they met in no other way.

■■ There is no dispute about the fact that McDonough, the driver, at the time of the accident, was in the employment, or rather on the pay roll, of defendants; however, there is, as should be, a restricted distinction between acts done while in the employment, and acts done within the scope of the employment. The employer can rightfully assign duties to the employee and limit the employee's authority; however, if the employee assumes other activities outside of his well-defined duties, such will not bring him within the scope of the employment designated by the employer. *Cooley v. Eskridge,* 125 Colo. 102, 241 P. (2d) 851. The action before us is a clear case of the employee doing the personal work of a fellow employee distinctly outside of the particular line of employment; he was not in performance of the defendant corporations' work, in whole or in part, either directly or indirectly; and the employers' responsibility cannot be extended to cover this particular mission even though consent was given for the use of the truck. The fact that employees were permitted to use the truck for their personal convenience did not expose defendant companies to liability.

■ Defendants' motion for a directed verdict in their favor at the close of all the evidence, on the ground that there was no proof that McDonough was acting within the course and scope of his employment, and that there was no presumption that he was so operating the truck, should have been granted. After entry of judgment on the verdicts, defendants made timely motion for judgment non obstante veredicto. It was error for the trial court to refuse defendants' tendered instruction, which

is as follows: "You are instructed if you find from all the evidence that the defendants would have realized some incidental or negligible benefit from the loan of their 1951 Ford Truck to Robert O. McDonough, such incidental or negligible benefit in itself alone would not make the use of said truck by said Robert O. McDonough in the course of and within the scope of the employment of said Robert O. McDonough, and in itself alone would not make the defendants responsible for the actions of said Robert O. McDonough in the operation of said truck." This instruction clearly states the law applicable to the facts in this case, and defendants were entitled to have the jury instructed on this particular phase, which was not covered in any other instruction to the jury. The jury, in the absence of this instruction, could well have determined that defendants, in permitting the use of the truck as here used, were following out a program for their benefit.

▇ The judgments of the trial court, entered on the verdicts, not being sufficiently supported, either in fact or in law, are reversed and the causes remanded with directions to dismiss the complaints.

MR. JUSTICE MOORE not participating.