Luther M. YOUNG, Jr., Plaintiff,

v.

SOUTHWESTERN BELL TELEPHONE CO., Defendant.

No. LR–68–C–36.

United States District Court,
E. D. Arkansas, W. D.

April 30, 1969.

---

James E. Youngdahl, Little Rock, Ark., for plaintiff.

Donald K. King and Robert M. Sanderford, Little Rock, Ark., Southwestern Bell Telephone Co. counsel, for defendant.

### Memorandum Opinion

HENLEY, Chief Judge.

This is a suit brought by Luther M. Young, Jr., a former employee of Southwestern Bell Telephone Co., stationed at El Dorado, Arkansas, against his former employer charging that the defendant's termination of his employment in August 1967 constituted a breach of a collective bargaining agreement between Bell, on the one hand, and the Communications Workers of America, AFL–CIO, a labor organization representing certain employees of the company, including plaintiff. The relief sought is reinstatement, back pay, restoration of all other employment rights, benefits, and privileges, costs of the action and all additional appropriate relief. Federal jurisdiction is predicated upon section 301(a) of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 185(a).

The case is before the Court on the cross-motions of the parties for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The motions have been submitted on the pleadings, voluminous documentary material, full briefs, and oral argument.

 It is familiar law that the function of the Court in passing upon a motion for summary judgment is simply to determine whether there exists in the case a genuine issue as to any material fact which would render a live trial necessary. It is not the function of the Court to resolve disputed factual issues. Where, as here, each side moves for summary judgment, each concedes that for purposes of his own motion there is no genuine factual issue; however, the fact that both sides move for summary judgment does not necessarily establish that the case is a proper one for summary disposition under the Rule.

It is the theory of the plaintiff that his discharge was without "just cause" and constituted a breach of an alleged implied covenant in the collective bargaining agreement that the defendant will not discharge employees without such cause. It is the position of the defendant that since plaintiff had worked for the company for less than three years when he was terminated, the defendant under the terms of the contract had an absolute right to terminate him

in the exercise of managerial discretion and without regard to cause.

There is no question about the express terms of the labor contract. Perhaps strangely, the contract does not stipulate that employees are not to be discharged without cause. It does specify that all employees of the company faced with possible termination are entitled to certain grievance procedures at various company levels, and that employees with three years or more of service are entitled to compulsory arbitration as the final step of the grievance procedure. Employees with less than three years of service have no right to arbitration.

The plaintiff contends, however, that in the light of the nature of the company's business, its relationship with the Union, and certain provisions of the contract, the Court should read into the agreement an implied covenant that no employee, regardless of length of service, is to be discharged without cause; that he was discharged without cause, and that the discharge amounted to a breach of the implied covenant on which he relies.

With respect to the distinction which the contract makes between employees having three years or more of service and newer employees, the position of plaintiff is that the distinction goes to remedy only; that the remedy of older employees is compulsory arbitration before an arbitrator or panel; and that the remedy of newer employees, such as plaintiff, is a 301 suit in federal court with the District Judge serving in effect as an arbitrator.

There is no dispute about the historical facts of plaintiff's employment and discharge. He was hired as a lineman in May 1965, and his work required him to climb telephone poles. His work in that capacity was satisfactory, in certain respects above average. On May 9, 1966, he sustained an injury while at work. His injury was not thought at first to be serious, but it turned out that he had suffered a herniated interverte-bral disc in the lumbar area of his spine. In February 1967 he was hospitalized in Little Rock and was discharged on March 1 after having lost nine days of work; while in the hospital he was fitted with a back brace. After he left the hospital, plaintiff was seen periodically by his physician who discharged him on June 22 with an evaluation of a 10 percent permanent disability to his body as a whole. As of that time, his doctor was of the opinion that plaintiff would not be able to resume his regular duties as a lineman.

Between the time of his discharge from the hospital and the date of his termination in August 1967, plaintiff was assigned to light work which did not involve heavy manual labor or pole climbing. His superiors decided, however, that he was physically unable to perform his job, and he was discharged.

Plaintiff contacted the Union and availed himself of the contract grievance procedure at the "Area level," and at the "General level." His grievance was rejected by the company at both levels, and this suit followed.

■ The rights of the parties to a suit of this kind are governed by federal law which must be fashioned by the courts in the light of federal labor policy and objectives. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580; Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246; Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; Brown v. Sterling Aluminum Products Co., 8 Cir., 365 F.2d 651.

It is clear that plaintiff's entire case is based on his premise of the existence in the contract of the implied covenant asserted and relied upon by him, and if the premise fails, the case fails.

■ The Court starts with the proposition that an employer may hire and discharge whom he pleases and for any reason, except to the extent that particular hirings or firings may be vio-

lative of public law or prohibited by valid contractual provisions. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S. Ct. 1347, 4 L.Ed.2d 1409; J. I. Case Co. v. N.L.R.B., 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762; National Labor Relations Board v. Harry F. Berggren & Sons, Inc., 8 Cir., 406 F.2d 239. Further, when a collective bargaining agreement deals with certain particular areas of employment only, other areas are reserved to the discretion of management subject to the right of employees to strike. United Steelworkers of America v. Warrior & Gulf Navigation Co., supra, 363 U.S. at 583, 80 S.Ct. 1347, 4 L.Ed.2d 1409.

■ In determining whether the contract involved in this case contains by implication a covenant on the part of the company not to discharge employees without cause, the Court examines the contract as a whole; the Court also considers the bargaining history of the contract, and the practical construction that the parties have placed upon it in application.

■ The contract states specifically that length of service with the company is to be taken into account in the treatment of employees, and there is no question that length of service is quite significant with respect to many aspects of their employment, including work assignments, compensation, vacations, fringe benefits, and lay-offs. Nor is there any question that the company, regardless of what its legal rights may be, does not as a matter of policy discharge employees without cause even if they have not worked for the company for any substantial length of time. As has been seen, employees with less than three years service are entitled to the first two steps of the grievance procedure, and to that extent new employees have some security of tenure in that they, aided by their union, may be able to induce management not to discharge them. But, the right to compulsory arbitration is limited strictly to employees who have worked for the company for three years or longer.

Counsel for the plaintiff argues that baseless discharges are harsh and oppressive, are provocative of strikes, and are contrary to the moral climate of American industry today.

The Court agrees with counsel to the extent it is willing to assume arguendo that in large industries, like the communications industry, hiring large numbers of persons and managing their work in a more or less impersonal manner, and having reason to fear disruptive labor disputes and strikes, the parties usually contemplate that with certain qualifications permanent employees who are not merely probationers will not be discharged arbitrarily, capriciously, or without cause generally deemed in the industry as warranting discharge.

The Court will also assume arguendo that if such an employer and a labor union enter into a collective bargaining agreement giving large consideration to seniority and length of service but which is silent as to the employer's right to hire and fire, there may properly be read into the contract an implied covenant not to discharge an employee except for cause.

But, the Court does not think that any such covenant is to be implied in the case of a contract which deals directly with employee terminations and in that connection draws a distinction between employees based on length of service. That is the situation presented here. And, the Court concludes that the fact that the contract before it gives to older employees a right to arbitration while not giving such a right to newer employees indicates that the defendant has reserved the ultimate right to discharge employees with less than three years service in the exercise of managerial discretion after granting them hearings at two levels of personnel administration.

The Court's view is strengthened by the fact that down through the years the company and the union have bargained more than once in this particular area; the company has never been willing to extend arbitration rights to employees who have worked less than three years, and the union has always yielded to the position of the company.

The Court cannot accept plaintiff's argument that the contract distinction between older and newer employees goes to remedy only. In the Court's eyes it would be completely unreasonable to say that the company would be unwilling to arbitrate with respect to newer employees but would be willing to submit disputes involving the discharges of such employees to the federal courts. Unless the distinction between employees based on years of service has some useful purpose, it would not have been made in the contract, and the only useful purpose served by the distinction is that it leaves with the defendant the power to decide ultimately whether to retain or to discharge an employee until he has achieved three years seniority.

The power of the company to discharge with or without cause an employee who has worked less than three years does not appear to the Court to be harsh or irrational. There is nothing unreasonable in an employer desiring to retain that power with respect to newer or less tried employees while being willing to surrender it to arbitration in the cases of older employees who in the judgment of management have performed satisfactorily for a specified period of time. Nor is the existence of that power really inconsistent with the obligation of the company to take length of service into consideration in dealing with employees.

In view of what has been said, it follows that plaintiff's motion for summary judgment will be denied; the cross motion of the defendant will be granted, and the complaint will be dismissed.