**Luther M. YOUNG, Jr., Appellant,**

**v.**

**SOUTHWESTERN BELL TELEPHONE
COMPANY, Appellee.**

**No. 19793.**

United States Court of Appeals,
Eighth Circuit.

April 1, 1970.

James E. Youngdahl, of McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., on brief for appellant.

Donald K. King, Little Rock, Ark., for appellee; Wayne E. Babler and James A. DeBois, St. Louis, Mo., on the brief.

Before MEHAFFY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Young, the plaintiff, brought an action in the United States District Court under § 301 of the National Labor Relations Act, as amended, 29 U.S.C. § 185, alleging that Southwestern Bell, his employer, had breached its collective bargaining contract by discharging him at a time when he had less than three years' service with the company.

Young sought reinstatement, back pay and restoration of all other rights. The labor contract does not limit the company in its right to discharge an employee with less than three years' service. This is not disputed. The case was submitted to the court on cross-motions for summary judgment.

It is settled law that absent a contractual provision, the employer has the right to hire and discharge employees at will provided the motivating cause is not a protected union activity. See, *e. g.*, Kellwood Co., Ottenheimer Bros. Mfg. Div. v. NLRB, 411 F.2d 493 (8th Cir. 1969).

Chief Judge Henley, in a published memorandum opinion, thoroughly recites the facts and sets forth the applicable law. We agree with the conclusion reached and affirm the judgment on the basis of the district court opinion in Young v. Southwestern Bell Telephone Co., 309 F.Supp. 475 (E.D.Ark.1969).