John OTERO and Grace Otero, his wife, Appellants,

v.

INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS (IUE) an association, Appellee.

No. 71–1716.

United States Court of Appeals, Ninth Circuit.

Feb. 9, 1973.

W. Roy Tribble (argued), Chandler, Ariz., for appellants.

Melvin Warshaw, Asst. Gen. Counsel (argued), Ruth Weyand, Richard Scupi, International Union of Electrical, Radio, & Machine Workers, Washington, D.C., Herbert B. Finn, of Finn & Van Baalen, Phoenix, Ariz., for appellee.

Before BARNES, KILKENNY and GOODWIN, Circuit Judges.

**4**

## PER CURIAM:

The district court had jurisdiction of this action, though not by reason of diversity, which does not here exist. 28 U.S.C. § 1332; United Steel Workers of America v. Bouligny, Inc., 382 U.S. 145, 150–151, 86 S.Ct. 272 (1965). Jurisdiction depends on the existence herein of a collective bargaining contract between an employer (itself a union) and a "labor organization" representing the employer's employees. (Sec. 301, Labor Management Relations Act of 1947, 29 U.S. C., Sec. 185).

The undisputed facts presented by affidavits on the motion heard indicate a settlement was arrived at after proceedings were instituted by the union representing the employee (herein Council of Industrial Organizers, or "Council") on Otero's behalf. These proceedings were but partially completed; and had proceeded to, but not through, available arbitration proceedings (Motion for Summary Judgment, Exhibit A, Contract; Article VII, Sec. 2). At that point, a complete and final settlement was agreed upon between the Union employer (IUE) and the employee's designated representative (Council), which involved a change of position on each side and the delivery of two substantial sums of money to Otero. While Otero refused to sign certain releases, he cashed the checks amounting to $5,380.64.

No failure on the part of the Council of Industrial Organizers to act, and no unfairness on its part in acting for the plaintiff, was charged by Otero, either at the time of settlement, or in his complaint, or on the hearing of the motion for summary judgment.

"The parties herein agreed upon a method for final adjustment of all grievances. They further agreed that this would be final and binding upon the parties involved . . . (between the two unions). . . . This clearly was a matter subject to the con-

tractual requirement. . . . A party is entitled to no more than he bargained for and received under the contract. Chambers v. Beaunit Corporation, 404 F.2d 128 (6th Cir. 1968)."
Alonso v. Kaiser Aluminum & Chemical Corporation, D.C., 345 F.Supp. 1356, 1360 (1971),[1] affirmed per curiam (4th Cir. 1972), 69 L.C. ¶ 13001.

The grievance and arbitration procedure contained in the Council—IUE's collective agreement is plaintiff's sole and exclusive remedy. Republic Steel v. Maddox, 379 U.S. 650, 652–659, 85 S.Ct. 614, 13 L.Ed.2d 580 (1964).

We agree with the district court that no claim is stated. See: Baca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Woody v. Sterling Aluminum Products, Inc., 365 F.2d 448 (8th Cir. 1966), cert. denied 386 U.S. 957, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967); Dessert Coca Cola v. General Sales Drivers, 335 F.2d 198 (9th Cir. 1964); C.C.H. (L.L.R.) 3255.55 (p. 8240); Andrews v. Louisville & Nashville R. Co., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

The summary judgment granted appellee is affirmed.

---

1. This was also an action by an employee against an employer alleging wilful and malicious charges of stealing property, re-

sulting in the discharge of the employee. It was also based on the granting of a motion for summary judgment.