**Elizabeth Ann WILT, Plaintiff,**

v.

**GTE INTERNATIONAL SYSTEMS CORPORATION, Mark Maxim, and Encounter Overland, Ltd., Defendants.**

Civ. A. No. 77–K–547.

United States District Court,
D. Colorado.

June 4, 1979.

Wendell R. Goodbee, Perkins, Goodbee & Heuser, Colorado Springs, Colo., for plaintiff.

Jeffrey H. Thorpe, Lowell Fortune, P. C., Denver, Colo., for defendants.

## ORDER OF DISMISSAL

KANE, District Judge.

This is a diversity action for damages arising from an automobile accident in which plaintiff was injured. The accident occurred on January 1, 1976 in the City of Bangui in the Central African Empire, formerly the Central African Republic. Although there are three named defendants in this action, only one defendant, GTE International, has been served and is before the court at this time. The matter is before the court on a Motion for Summary Judgment filed by defendant GTE International on May 4, 1979.

■ Local Rule 4(d) requires that briefs in opposition to motions for summary judgment shall be filed within twenty days after service of the motion. Likewise, F.R.Civ.P. 56(e) requires opposing briefs and affidavits:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

While defendant supported its motion with a brief and affidavit, twenty days under Local Rule 4(d) have passed and plaintiff has failed to oppose the motion. In determining whether summary judgment is appropriate, the court must now look to the sufficiency of defendant's motion and supporting affidavit.

In her amended complaint filed on November 11, 1977, plaintiff relies on the doctrine of *respondeat superior.* Plaintiff alleges that a proximate cause of the accident in question was the negligence of defendant Mark Maxim, an employee of defendant GTE International, who was operating an automobile owned by his employer "within the course and scope of his employer's business" at the time of the accident. *Complaint* ¶ 5.

In its motion for summary judgment, defendant GTE International contends that the evidence clearly establishes that defendant Mark Maxim was not acting within the scope of his employment at the time of the accident, and therefore, any negligence on the part of Maxim cannot be imputed to GTE International under the doctrine of *respondeat superior.*

In support of its motion, defendant cites plaintiff's deposition taken on November 27, 1978 in which plaintiff describes how she met Maxim and the personal nature of Maxim's activities prior to the accident. Plaintiff states that she first encountered Maxim on the morning of January 1, 1976 when her tour group stopped on the side of the road for some truck repairs. A car containing Maxim and other American GTE employees stopped to offer the group assistance. It was at this time that some group members talked with Maxim and arranged to meet him in a hotel in Bangui after the tour group truck was repaired. Plaintiff further states that she met Maxim at the Roc Hotel after lunch and spent the afternoon drinking there with him until 5:00 p.m. After leaving the Roc Hotel, plaintiff and other group members went to Maxim's house for a drink before going out to dinner. Plaintiff left Maxim's house in a car owned by defendant GTE for the purpose of going to a restaurant for dinner and enjoying a New Year's celebration. The accident occurred on the same evening at approximately 8:00 p.m.

In addition, defendant has provided an affidavit from Maxim's supervisor who corroborates plaintiff's deposition regarding the personal nature of Maxim's activities at the time of the accident. The supervisor states:

"At the time of the accident involving Elizabeth Ann Wilt on January 1, 1976 in Bangui, Central African Republic, Mark Maxim was not engaged in any work which had been assigned to him by GTE International Systems Corporation, nor was he promoting the business interests of GTE International Systems Corpora-

tion or engaging in any activities for its benefit, either direct or incidental."

The general rule is that an employer is not liable for an employee's negligent operation of a company automobile for personal purposes. *Annotation*, 51 A.L.R.2d 120; *Gibbons and Reed Co. v. Howard*, 129 Colo. 262, 269 P.2d 701 (1954). Furthermore, it has been established that summary judgment is proper in a case based on *respondeat superior* where the pleadings and affidavits establish that there is no genuine issue of material fact as to the personal nature of an employee's use of a company vehicle. *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969); *McGuire v. Gem City Motors, Inc.*, 296 F.Supp. 541 (N.D.Ga. 1969); *Dittenhoffer v. Aires Co.*, 281 F.Supp. 993 (E.D.Pa.1968); *Searle v. Great Northern Railway Co.*, 189 F.Supp. 423 (D.Mont.1960).

Upon careful review of the motion for summary judgment and supporting documents, it is clear that defendant GTE International has satisfied the requirements of F.R.Civ.P. 56 in establishing the absence of proof that Maxim was operating the vehicle in the course of his employment. Since plaintiff has failed to oppose the motion, the court deems the motion confessed. Accordingly,

IT IS ORDERED that defendant GTE International's Motion for Summary Judgment is granted and that this case and civil action are hereby dismissed with prejudice, each party to bear its own costs.