Dale GRIESS, Jr., Plaintiff,

v.

**CLIMAX MOLYBDENUM COMPANY,
Defendant.**

**Civ. A. No. 79–K–1514.**

United States District Court,
D. Colorado.

April 24, 1980.

---

Charles B. Howe, Boulder, Colo., for plaintiff.

William F. Schoeberlein, Barbara Fort Jones, Dawson, Nagel, Sherman & Howard, Denver, Colo., for defendant.

KANE, District Judge.

The above-entitled action is here on defendant's motion for summary judgment. Jurisdiction is proper by virtue of 28 U.S.C. § 1337. Plaintiff alleges that he was wrongfully terminated in violation of his rights under the Labor Agreement between defendant and the Oil, Chemical and Atomic Workers International Union Local No. 2–24410. Plaintiff contends that as a result of the alleged wrongful termination he was unemployed for two years and has suffered emotional and psychological damage.

On November 19, 1979, defendant filed its motion for summary judgment which was supported by a brief, an affidavit and exhibits.

Local Rule 4(d) requires that briefs in opposition to motions for summary judgment shall be filed within 20 days after service of the motion. Likewise, F.R. Civ.P. 56(e) requires opposing briefs and affidavits:

> * * * When a motion for summary judgment is made and · supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. *Wilt v. GTE International Systems Corp.*, 82 F.R.D. 686 (D.Colo.1979). Plaintiff has failed to oppose defendant's motion for summary judgment as required by Rule 4(d). Therefore the appropriateness of summary judgment depends upon the sufficiency of defendant's motion and supporting affidavits. *Wilt v. GTE International Systems Corp., supra.* Defendant has successfully demonstrated that there are no genuine issues of material fact so that summary judgment may enter.

In its brief, defendant has set forth the following facts, supported by an affidavit and exhibits, which have not been controverted by plaintiff:

On or about June 5, 1977 Defendant terminated Plaintiff for leaving his work assignment and the mine early on June 4, 1977, in violation of Company rules. (Helmer Affidavit, para. 2; Exhibit A.) Plaintiff's termination followed a history of leaving his work assignment early, for which conduct Plaintiff had received warnings. (Helmer Affidavit, para. 3.) Additionally, Plaintiff had an excessive amount of absences from work. (Helmer Affidavit, para. 3.) The Union, on behalf of Plaintiff, submitted to Defendant on June 7, 1977, a grievance with respect to the above discharge. (Helmer Affidavit, para. 4; Exhibit B.) As a result of such grievance, Plaintiff, Defendant, and the Union signed an agreement (the "Settlement Agreement") whereby the grievance was resolved and settled in the following manner: (1) Plaintiff's June 5, 1977 discharge was reduced to a 60 day suspension from June 4, 1977, to August 5, 1977; (2) upon Plaintiff's return to work, he was placed on 120 day probationary period; and (3) Plaintiff's probationary period was to be handled the same as the probationary period spelled out in Article 12.3 of the Labor Agreement. (Helmer Affidavit, para. 5; Exhibit C.) Article 12.3 of that Labor Agreement states that a probationary employee shall be subject to discipline or discharge at the sole discretion of the Defendant. (Helmer Affidavit, para. 6, Exhibit D, para. 3, p. 55; Exhibit E, para. 3, p. 75.)

Plaintiff returned to work on August 6, 1977. (Helmer Affidavit, para. 7.) Pursuant to the terms of the Settlement Agreement and Article 12.3 of the Labor Agreement, Defendant discharged Plaintiff for an unsatisfactory probationary period. (Helmer Affidavit, para. 8; Exhibit F.)

Subsequently, the Union submitted a grievance to Defendant on November 1, 1978, with respect to Plaintiff's October 25, 1977 discharge. (Helmer Affidavit, para. 9; Exhibit G.) The Defendant denied the above grievance on the grounds that the Settlement Agreement executed by Plaintiff, Defendant, and the Union on June 14, 1977, made Plaintiff a probationary employee upon his return after the 60 day suspension period; that pursuant to Article 12.3 of the Labor Agreement, Defendant had sole discretion to discharge Plaintiff. (Helmer Affidavit, para. 10; Exhibit H.) At the Union's insistence, the Defendant agreed to submit the matter to arbitration. (See Exhibits I and J.) The matter was arbitrated on February 13, 1978; the arbitrator rendered a decision in favor of Defendant. (Helmer Affidavit, para. 12; Exhibit K.)

(Defendant's Brief in Support of Motion for Summary Judgment, p. 2–3.)

Plaintiff's allegation that defendant's discharge of plaintiff violated the labor agreement is without merit. As mentioned above, after the submission of plaintiff's grievance, defendant, plaintiff and the union signed a settlement agreement which purported to resolve plaintiff's grievance. The settlement agreement provided:

This letter confirms our mutual agreement to reduce the discharge of Dale W.

Griess, Jr., (H–10 502) to a 60 day suspension from June 4, 1977 to August 5, 1977. Upon Mr. Griess's return to work, he will be placed on a 120 day probationary period. This probationary period will be handled the same way as the probationary period spelled out in Article 12.3. . .

(Exhibit C in support of defendant's Motion for Summary Judgment.)

■ The general rule is that in the absence of misrepresentation by the union, settlement of an employee grievance is binding upon the employee. *Suissa v. American Export Lines, Inc.*, 507 F.2d 1343 (2nd Cir. 1974); *Otero v. International Union of Electrical, Radio and Machine Workers (IUE)*, 474 F.2d 3 (9th Cir. 1973) (*per curiam*). "[W]here a collective bargaining agreement designates settlement agreements as final and binding, the fact that a settled grievance does not proceed to arbitration does not preclude judicial enforcement of the settlement agreement." *United Mine Workers, etc. v. Barnes & Tucker Co.*, 561 F.2d 1093, at 1096 (3rd Cir. 1977).

■ These principles apply to this controversy. Article 7, paragraph 4c of the Labor Agreement provides for the resolution of grievances. Further, plaintiff neither alleges nor produces evidence that the union breached its duty of representation. Thus the terms of the settlement agreement bind him.

Under the settlement agreement, plaintiff was placed on probation; the probationary period was to be handled as one under Article 12.3 of the Labor Agreement. Article 12.3 provides:

A new employee shall be considered probationary for a period of forty (40) calendar days. A probationary employee shall be subject to discipline or discharge at the sole discretion of the company and such discipline or discharge shall not be subject to the grievance procedure. All other matters relating to a probationary employee shall be subject to the grievance procedure.

(Exhibit D in support of defendant's Motion for Summary Judgment.) By virtue of the terms of the settlement agreement which incorporated Article 12.3, during the 120 day probationary period, defendant was free to discharge plaintiff at will.

■ It is well established that absent an agreement or statute, an employer may discharge an employee for cause or without cause except when there is a discriminatory motive. *Young v. Southwestern Bell Telephone Co.*, 424 F.2d 256 (8th Cir. 1970) (*per curiam*); *Harrell v. Blount Brothers Corp.*, 92 L.R.R.M. 3522 (S.D.Ohio 1976); *See, Conrad v. Delta Air Lines, Inc.*, 494 F.2d 914 (7th Cir. 1974); *National Labor Relations Board v. Acker Industries, Inc.*, 460 F.2d 649 (10th Cir. 1972). Here, defendant discharged plaintiff within the 120 day probationary period. Not only was there no statute or agreement prohibiting defendant's conduct but the agreement expressly conveyed to defendant the authority to discharge a probationary employee with or without cause. The discharge did not violate the labor agreement.

■ There is another reason why summary judgment should be granted on behalf of defendant. Following plaintiff's discharge, upon the request of the union (acting on behalf of plaintiff), this dispute was submitted to arbitration. Basing his decision on the settlement agreement and Article 12.3 of the Labor Agreement, Arbitrator Rentfro sustained defendant's termination of plaintiff. Arbitrator Rentfro interpreted the labor agreement to mean that plaintiff was a probationary employee after his return to work and was subject to Article 12.3.

■ Article 7(k) of the labor agreement provides:

The decision of the arbitrator shall be final and binding upon the parties.

The United States Supreme Court in *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) narrowly defined the scope of review of an arbitrator's decision.

[T]he question of interpretation of the collective bargaining agreement was a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation is different from his.

At p. 599, 80 S.Ct. at p. 1362. Furthermore as defendant correctly indicates, courts give the utmost deference to the arbitrators' decisions where the collective bargaining agreement provides that such decisions shall be final and binding upon the parties. *Amalgamated Butcher Workmen Loc. Un. No. 641 v. Capitol Pack Co.*, 413 F.2d 668 (10th Cir. 1969); *See, Campo Machining Co. v. Local Lodge No. 1926, etc.*, 536 F.2d 330 (10th Cir. 1976).

A review of the record in this case indicates no reason why plaintiff should not be bound by the arbitrator's decision. Plaintiff fails to challenge the arbitrator's decision on grounds that the settlement agreement and Article 12.3 of the Labor Agreement were not susceptible of the interpretation accorded them by Arbitrator Rentfro. Nor is there any allegation or evidence in the record that the arbitrator's decision was arbitrary and unfair or that plaintiff was not adequately represented by the union. I hold that the arbitrator's decision denying plaintiff's grievance is final and binding on the parties. Accordingly, it is

ORDERED that defendant's motion for summary judgment is granted. It is further

ORDERED that this complaint and cause of action are dismissed. Defendant to have judgment for its costs.