George LOUDERBACK and Strongbond
Manufacturing Company, Inc.,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 78–K–635.

United States District Court,
D. Colorado.

Oct. 20, 1980.

Donald K. Smith, Sterling, Colo., for plaintiffs.

Jeffrey A. King, Trial Atty., Dept. of Justice, Washington, D.C., Donald M. Hoerl, Asst. U. S. Atty., Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This action for refund of taxes paid is before the court on defendant's motion for partial summary judgment. Defendant claims that there is no material fact in dispute between the parties regarding several issues in this case. The plaintiffs contend that the United States, through the Internal Revenue Service, illegally and erroneously assessed and collected manufacturer's excise taxes which are the subject of recovery in this claim for relief. Jurisdiction is invoked pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1).

I

Plaintiff George Louderback, the sole proprietor of Strongbond Manufacturing Company between 1969 and October 1, 1974, is in the business of manufacturing and selling truck bodies and various parts and accessories used in connection with these items. During the period in question plaintiffs made numerous sales in which parts and accessories such as grain sides, grain doors, and stock racks were sold uninstalled together with truck bodies. Plaintiffs computed the tax on such articles at an eight per cent rate relying on 26 U.S.C. § 4061(b)(1). The Internal Revenue Service, relying on 26 U.S.C. § 4061(a)(1), computed the tax on such articles at the rate of ten per cent whenever such articles were deemed to have been sold on or in connection with a truck body.[1]

On July 11, 1977, the Commissioner of the Internal Revenue Service assessed against Louderback deficiencies in manufacturer's excise tax for the period July 1, 1972 through September 30, 1974 in the amount of $10,471.84. This amount represents $8,322.51 in manufacturer's excise tax, $2,107.71 in interest and $41.62 in penalties under 26 U.S.C. § 6651(a). On the same date the Commissioner assessed against

Strongbond deficiencies in manufacturer's excise tax for the period of October 1, 1974 through March 31, 1975 in the amount of $2,385.89. This amount represents $2,041.51 in manufacturer's excise tax, $341.06 in interest, and $3.32 in penalties under section 6651(a).

Plaintiffs paid the assessed taxes, filed claims for refund thereof, and upon denial of the claims, filed this suit for refund.

II

The first issue on defendant's motion for summary judgment is the correct computation and payment of excise taxes by the manufacturer on the goods that are sold to customers. The deficiencies in payment alleged by the defendant arose from two questioned procedures used by the company to compute the amount of excise tax to be paid. Plaintiffs' primary claim is that the excise tax should be based only on *manufacturing costs* attributable to assembling the article to a finished state, while defendant claims that the tax should be based on the *manufacturer's selling* price or a percentage thereof. Plaintiffs also dispute what percentage should be used in computing the tax on various articles, differentiating between the uninstalled parts and accessories and the truck bodies themselves.

The second issue regards estoppel against the Internal Revenue Service. Plaintiffs argue that in 1969 Louderback asked for and received advice from the Internal Revenue Service regarding the computation of the excise tax which he claims is inconsistent with the assessments charged for the years 1972–1975. The plaintiffs contend that the Internal Revenue Service should be estopped from changing its position regarding the prior advice given.

The pre-trial order listed two contested issues of fact and four contested issues of law. The issues of fact are (1) whether the Internal Revenue Service properly comput-

---

1. The Internal Revenue Service gives as an example that if four beet bodies and four stock racks appeared on an invoice and the invoice indicated that stock racks were not installed, the entire sale was computed at a tax rate of ten per cent. However, if four beet bodies and seven stock racks appeared on an invoice, the Internal Revenue Service computed tax on only four of the stock racks and computed the tax on the remaining stock racks at eight per cent.

ed constructive sale prices under 26 U.S.C. § 4216(b)(1) for purposes of Manufacturer's Excise Tax under 26 U.S.C. § 4061(a)(1) on plaintiffs' sales at retail of truck bodies, and (2) whether Louderback asked for and was given advice by the Internal Revenue Service on the method of computing the excise tax. The issues of law are (1) whether the correct tax base for computing the Manufacturer's Excise Tax is plaintiffs' selling price (as defendant alleges) or plaintiffs' costs of manufacturing or some percentage of selling price (as plaintiffs allege), (2) whether parts and accessories manufactured by plaintiff and sold as a part of, or in connection with, taxable truck bodies are subject to the ten per cent tax imposed by section 4061(a)(1) or the eight per cent tax imposed by section 4061(b)(1), (3) whether plaintiffs have met the requirements of section 6416(a) which allows for a credit or refund on an overpayment, and (4) assuming that Louderback asked for and received advice from the Internal Revenue Service regarding the computation of his Manufacturer's Excise Tax, whether the Internal Revenue Service is estopped from changing its position regarding the advice given. Defendant's motion addresses only issues of law numbered (1) and (4).

### III

■ Defendant's motion for partial summary judgment is brought under Rule 56 of the Federal Rules of Civil Procedure. Rule 4(d) of the Local Rules states that briefs in opposition to a motion for summary judgment shall be filed within twenty days. Defendant's motion for summary judgment was filed April 15, 1980, and to date plaintiffs have not responded, clearly exceeding the twenty–day time limit.

Since plaintiffs have failed to oppose defendant's motion for summary judgment as required by Rule 4(d), the appropriateness

of summary judgment depends solely upon the sufficiency of defendant's motion and supporting affidavits and material. *Griess v. Climax Molybdenum Co.*, 488 F.Supp. 484, 486 (D.Colo.1979), *Wilt v. GTE International Syst. Corp.*, 82 F.R.D. 686, 687 (D.Colo.1979).

### IV

■ In its motion for partial summary judgment, defendant contends that the applicable statutes and case law clearly bear out the government's interpretation of the appropriate tax computation. 26 U.S.C. §§ 4061, 4216. Under section 4061(a)(1) truck bodies and chassis, including parts and accessories sold on or in connection therewith, were taxed at ten per cent of the price sold before October 1, 1977. Under section 4061(b)(1) parts and accessories were taxed at eight per cent of the price sold before October 1, 1977.[2] The plain language of the statute–"[a] percent of the price for which so sold"–indicates that the correct tax base for computing the manufacturer's excise tax is plaintiffs' selling price and not manufacturing costs attributable to assembling the article. "The price used by the computation of the excise tax in § 4061(a) is defined in § 4216(a) ...." *United States v. Fruehauf Corp.*, 577 F.2d 1038, 1060 (6th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978). Section 4216 states in part:[3]

> (1) In general.–If an article is–
>> (A) sold at retail,
>> (B) sold on consignment, or
>> (C) sold (otherwise than through an arm's length transaction) at less than the fair market price,
>> the tax under this chapter shall (if based on the price for which the article is sold), be computed on the price for which such articles are sold, in the ordinary course of trade, by manufacturers

---

**2.** The statutes are referred to as they existed at the time of taxation. The present tax rate is five per cent.

**3.** Section 4216 is referred to as it existed at the time of taxation. Under § 4216 the exception to the manufacturer's actual selling price as the

base for tax computation is the "constructive sales price," used when manufacturers sell not wholesale but to retail dealers or at retail. In this instance the base used is the "constructive sales price" or the selling price to wholesale distributors.

or producers thereof, as determined by the Secretary or his delegate. In the case of an article sold at retail, the computation under the preceding sentence shall be on whichever of the following prices is the lower: (i) the price for which such article is sold, or (ii) the highest price for which such articles are sold to wholesale distributors, in the ordinary course of trade, by manufacturers or producers thereof, as determined by the Secretary or his delegate.

\* \* \* \* \* \*

In *Fruehauf*, which draws liberally from *Fitch Co. v. United States*, 323 U.S. 582, 65 S.Ct. 409, 89 L.Ed. 472 (1945), the Supreme Court case interpreting section 4216(a), the court further stated that the price used by the computation of the excise tax "is not strictly limited to manufacturing costs. Rather, the taxable price essentially excludes no expense incurred by the manufacturer in connection with the article taxable under § 4061(a) prior to the shipment of the article." 577 F.2d at 1060.

In assessing the excise tax I find that the Internal Revenue Service correctly determined the constructive sales prices on plaintiffs' sales at retail during the period in question. Except for the years 1973 and 1975 constructive selling prices were deemed to be seventy–five per cent of the established retail prices.[4] In 1973 assembling and marketing costs were 80.02 per cent of the established retail prices and the tax was therefore based on the actual manufacturing costs for that year.[5] The manufacturer's costs for the first quarter of 1975 exceeded the actual selling prices and there-

fore the Internal Revenue Service based the tax on the lower sales prices.[6] Moreover, the Internal Revenue Service properly included in the tax base all expenses (or a specific percentage of all expenses for sales at retail) incurred by the plaintiffs prior to shipment of the truck bodies and accessories. I conclude that the computations were appropriate under federal law and consistent with *Fitch* and *Fruehauf*. This determination settles the first contested issue of law relating to the proper tax base to be used in computing the manufacturer's excise tax. The plaintiff has presented no evidence or argument to the contrary and summary judgment as to this issue is granted.

V

█ The second issue presented by the defendant for summary judgment involves advice the plaintiff allegedly received from the Internal Revenue Service in 1969 regarding the computation of his manufacturer's excise tax. Allegedly this advice was that the excise tax was ten per cent of manufacturing costs. In 1969, manufacturing costs were approximately forty–two per cent of the retail price and the ten per cent excise tax was computed by plaintiffs on this cost basis. After reading several distributors' manuals and magazines, plaintiffs concluded that they were incorrectly computing the excise tax. They raised the tax base several times and finally decided to adopt a percentage of the sales price (generally two–thirds) for computing the excise tax. At all times the tax rate remained at ten per cent for truck bodies.

---

4. Under the authority of § 4216(b)(1) constructive sales price is the lower of the actual sales price or the highest sales price for such articles by manufacturers to wholesale distributors in the ordinary course of trade. Under IRS regulations, § 148.1–5(b)(1), Temporary Regulations under the Excise Tax Technical Changes Act of 1958 (1954 Code), where a manufacturer has no sales to wholesale distributors, a fair market price, not to exceed the actual sales price, will be determined by the Commissioner. If a manufacturer has sales to wholesale distributors the constructive sales price will ordinarily be the highest sales price for such articles sold by him to wholesale distributors.

5. In accordance with the regulation noted *supra*, n.4, Rev.Rul. 68–519, 1968–2 Cum.Bull. 513, which deals with a manufacturer of truck chassis who sells at retail and to retail dealers, concludes that the constructive sales price on sales at retail may be deemed to be seventy–five per cent of the established retail price.

6. Under Rev.Rul. 68–519, *supra*, n.5, the constructive sales price will be the lower of the actual sales price or the manufacturer's cost of assembling and marketing the article, if such cost is more than seventy–five per cent of the manufacturer's established retail price.

■ The defendant is correct in asserting that instances where the taxpayer has grounds to claim estoppel against the Internal Revenue Service are rare. The acceptance of prior returns is not grounds for estoppel in questioning returns for later years. The Internal Revenue Service cannot be held to have induced the filing of an erroneous return and the taxpayer cannot rely on its acceptance. *Niles Bement Pond Co. v. United States*, 281 U.S. 357, 361–362, 50 S.Ct. 251, 252, 74 L.Ed. 901 (1930), *Union Equity Cooperative Exchange v. Commissioner*, 481 F.2d 812, 817 (10th Cir.), *cert. denied*, 414 U.S. 1028, 94 S.Ct. 457, 38 L.Ed.2d 321 (1973).

■■ In addition, an Internal Revenue Service agent does not have authority to make a final determination binding on the government, and therefore an erroneous statement made by an agent cannot be considered as binding. *Darling v. Commissioner*, 49 F.2d 111, 113 (4th Cir.), *cert. denied*, 283 U.S. 866, 51 S.Ct. 657, 75 L.Ed. 1470 (1931), *Massaglia v. Commissioner*, 286 F.2d 258, 262 (10th Cir. 1961). When prior inconsistent advice has been given, the estoppel doctrine does not prevent the Internal Revenue Service from correcting errors of law, which are correctable in any open year. *Automobile Club of Michigan v. Commissioner*, 353 U.S. 180, 182–183, 77 S.Ct. 707, 709, 1 L.Ed.2d 746 (1957), *reh'g denied*, 353 U.S. 989, 77 S.Ct. 1279, 1 L.Ed.2d 1147 (1957), *Dixon v. United States*, 381 U.S. 68, 72–73, 85 S.Ct. 1301, 1304, 14 L.Ed.2d 223 (1965), *Massaglia v. Commissioner*, 286 F.2d 258, 262 (10th Cir. 1961). It is settled that the Internal Revenue Service cannot be estopped from assessing and collecting the proper excise tax for the years in question. Therefore, summary judgment is also granted as to this issue.

## VI

The two remaining issues of law not part of defendant's motion are whether the eight or ten per cent tax applies to parts and accessories sold as a part of or in connection with taxable truck bodies, and whether plaintiffs have met the requirements of 26 U.S.C. § 6416(a) entitling them to a refund. The two issues of fact in dispute are whether the Internal Revenue Service correctly computed the tax using the correct tax base and whether Louderback received erroneous information from the Internal Revenue Service.

■ The first issue of law as framed by the pre–trial order concedes that the parts and accessories were "sold as part of, or in connection with, taxable truck bodies, . . ." and therefore, as a matter of law, they are subject to the ten per cent tax. 26 U.S.C. § 4061(a). No material issue regarding this issue is left for trial. Further, because I have concluded that as a matter of law the Internal Revenue Service cannot be estopped, the contested issue of fact regarding whether Louderback received information is moot.

■ The remaining issues to be determined at trial are whether the Internal Revenue Service, using the correct tax base, properly computed constructive sales prices under 26 U.S.C. § 4216(b)(1) for purposes of Manufacturer's Excise Tax under 26 U.S.C. § 4061(a)(1) on plaintiffs' sales at retail of truck bodies, and if not, whether plaintiffs have met the requirements of section 6416(a) which allows for a credit or refund on an overpayment. The correct computation issue is one of material fact in this case and cannot be determined on a motion for summary judgment. In meeting the requirements of section 6416(a) the taxpayer must establish not only that the assessment was erroneous and the correct amount of refund to which he is entitled, but also whether he has included the tax in the price of the article and has collected the tax from the purchaser, or he has repaid the tax to the purchaser, or the purchaser consents to the allowance of a refund. 26 U.S.C. § 6416(a). These factors will have to be determined at trial. Therefore, it is

ORDERED that the defendant's motion for partial summary judgment on the issues of computation and estoppel be and hereby is granted, and further it is

ORDERED that this action be referred to United States Magistrate Schauer who is directed to conduct a pre–trial conference in order to obtain a supplemental pre–trial order consistent with the rulings contained in this memorandum opinion and order. Upon receipt of the supplemental pre–trial order the case will be set for trial.